THE DEPARTMENT OF REVENUE, Plaintiff-Appellant, *v.* JAMB DISCOUNT *et al.*, Defendants-Appellees.

(No. 72-303;

Second District—August 13, 1973.

William J. Scott, Attorney General, of Chicago, (Paul J. Bargiel, Assistant Attorney General, of counsel,) for appellant.

Geister, Schnell, Richards & Brown, of Elgin, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Department of Revenue, appeals from an order granting defendants' motion to strike certain portions of plaintiff's complaint. The Department having elected to stand on its complaint, judgment was entered in favor of the defendants and against the plaintiff. At issue is the construction and operation of section 18b of the Cigarette Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 453.18b), which provides for recovery of penalties in a civil action for possession of unstamped packages of cigarettes.

The complaint alleged in substance, that the dependant McHenry-Eby Brown Company was a wholesale distributor of cigarettes; that under section 2 of the Cigarette Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.2) such distributor was to affix the required tax stamps to each package of cigarettes, and collect the tax from the retailer at or before the time of sale; that under section 18 of the Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.18) unstamped packages of cigarettes are subject to seizure and forfeiture; and that under section 13 of the Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.13) packages found without proper stamps are prima facie evidence of violation of the Act; that on July 9th, 1971, pursuant to section 18, 339 packages of unstamped cigarettes were seized in the possession of the defendant Jamb Discount.

The further allegations of the complaint, stricken on defendant's mo-

tion, were that after the seizure the Department, pursuant to section 18a of the Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.18a[1]), sent defendants notice of a hearing to be held on November 30, 1971; that following the notice a hearing was held by the Department in which it was determined that the cigarettes seized were not stamped as provided by statute; that a report of the hearing was sent to defendants (copies of the notice and report were attached); that section 18b of the Cigarette Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.18b) provides:

"* * * anyone possessing cigarettes contained in original packages which are not tax stamped as required by this Act * * * shall be liable to pay, to the Department for deposit in the State Treasury, a penalty of $10.00 for each such package of cigarettes in excess of 100 packages. Such penalty may be recovered by the Department in a civil action; * * *."

that defendants did not seek administrative review; and that under section 18b the Department had determined that there is due $2390, being a penalty of $10 for each package seized (in excess of 100), for which it prayed judgment against the defendants. A separate judgment was requested against the defendant McHenry-Eby Brown Company for $40.68, being the tax of 12 cents per package being imposed under section 2 for the 339 packages of cigarettes sold to defendant Jamb Discount.

The motion of the defendants to strike the complaint was predicated on the theory that the only authority granted the Department of Revenue was the right to seize and confiscate improperly stamped cigarettes under the provisions of section 18a; that such action was the only administrative action taken by the Department or which could be taken by it; and that the provisions of section 18b involve a separate procedure in the courts permitting a trial de novo; that in such trial the Department has the burden to establish its case by competent evidence and may not

---

[1] Providing in pertinent part as follows:

"After seizing any original packages of cigarettes, * * * the Department shall hold a hearing and shall determine whether such original packages of cigarettes, at the time of their seizure by the Department, were not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with this Act, * * *. The Department shall give not less than 7 days' notice of the time and place of such hearing to the owner of such property if he is known, and also to the person in whose possession the property so taken was found, if such person is known and if such person in possession is not the owner of said property. * * *

If, as the result of such hearing, the Department shall determine that the original packages of cigarettes seized were at the time of seizure not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act, * * * the Department shall enter an order declaring such original packages of cigarettes * * * confiscated and forfeited to the State. * * *."

rely on the determination of the hearing officer that the cigarettes were not tax stamped or imprinted as res judicata of the violation. The motion also alleged that the complaint did not charge that defendant McHenry-Eby Brown Company was in possession of any unstamped cigarettes which would make it liable under section 18b and that in any event it would be exempt as a licensed distributor.

The Department contends that the civil action contemplated under section 18b is in the nature of a debt to collect the penalty automatically imposed by the section 18a finding that no stamps were affixed; and that defendants are bound by the findings in the administrative hearing under section 18a since they defaulted and did not seek administrative review.

We initially conclude that while the question is not free from all doubt, the Department's construction of the statute is the more reasonable one. It is true that the Cigarette Tax Act does not contain express language authorizing the Department to impose the $10 per package penalty of section 18b in its administrative hearing; and that, as defendants point out as an analogy, the legislature did provide such express authority when it was dealing with Cigarette Tax Act returns and the failure to pay cigarette taxes under section 9a of the Act. (Ill. Rev. Stat. 1971, ch. 120, par. 453.9a.) However, the extensive language found in section 9a is unnecessary to support the construction of section 18b that the Department urges. Language similar to that found in section 18b creating liability to pay the penalty to the Department for possessing packages of cigarettes which are not tax stamped or which are improperly tax stamped has been held sufficient to create the right to determine and impose the penalty in an administrative hearing, to be collected in a civil suit without a trial de novo. See *W. J. Dillner Trans. Co. v. Pennsylvania Public Utilities Com.* (Pa. 1959), 155 A.2d 429, 434-435; *York Tel. & Tel. Co. v. Pennsylvania Public Utilities Com.* (Pa. 1956), 121 A.2d 605, 613; *Wycoff Co. v. Public Service Com.* (Utah 1962), 369 P.2d 283, 285.

Section 18b does not authorize the court rather than the Department to make the initial penalty assessment. Of course, someone must assess the penalty before it may be recovered. By using the word "recovered" in connection with the civil action authorized by section 18b, we believe the legislature indicated that the amount owed and liability therefore has already been determined in the prior administrative proceeding contemplated by section 18a. See *W. J. Dillner Trans. Co. v. Pennsylvania Public Utilities Com.* (Pa. 1959), 155 A.2d 429, 434-435.

Since the amount of the penalty is determined by the number of packages not properly stamped, and the section 18a proceeding will resolve this relatively uncomplicated factual issue, the assessment of the penalty

becomes merely a ministerial and mechanical act, assuming the Department does in fact seek to impose the penalty. Under such circumstances it seems unlikely that the legislature intended that the court go through the same factual determination in a trial de novo, duplicating the attendance of witnesses and the presentation of evidence. Since the Department would seize and seek to confiscate unstamped packages of cigarettes from those in possession of them, section 18a logically provides for the hearing in which the section 18b liability is also determined. It would thus seem to follow that the legislature intended to give the Department the authority to impose the section 18b penalty at the administrative level, and intended to provide for recovery of the penalty, once imposed, by means of a civil action reducing it to judgment, the Department having no inherent administrative power to collect the penalty. *People ex rel. Isaacs v. Johnson* (1962), 26 Ill.2d 268, 272-274; *Oliver v. Civil Service Com.* (1967), 80 Ill.App.2d 329, 334.

■■ We therefore conclude that the Department has the authority upon appropriate findings to assess a penalty pursuant to section 18b in a section 18a proceeding. And it would follow, in our view, that once the Department's authority in this regard is implied from the Act, its findings in the section 18a proceeding can only be challenged on review under the Administrative Review Act. The Department's findings and penalty order cannot be challenged, other than on jurisdictional grounds, in an action to reduce the amount assessed to a judgment. *Department of Finance v. Gold* (1938), 369 Ill. 497, 502-507; *Department of Revenue v. Steacy* (1968), 38 Ill.2d 581, 583.

■■ While we hold the Department has the authority, when proper notice is given, to assess section 18b penalties upon appropriate findings at the conclusion of the proceedings conducted pursuant to section 18a, we must conclude on the record of the pleadings before us that the Department has not stated a cause of action for recovery of the penalties in the instant case, and that therefore the judgment of the court below, dismissing the complaint, was proper.

The notice of the administrative hearing, a copy of which is made a part of the complaint, advised the defendants in pertinent part, as follows:

> "YOU ARE HEREBY NOTIFIED, in accordance with the provisions of Sections 8, 10, and 18a of the Illinois "Cigarette Tax Act," * * * that a hearing will be held * * *.
>
> * * *
>
> As a result of said HEARING it will be determined whether any of such original packages of cigarettes did not have stamps affixed thereto as required by said Act; also, whether or not any of such

vending devices contained original packages of cigarettes not stamped as required by said Act.

Upon your failure to appear at the said hearing, the Department of Revenue may confiscate and forfeit to the State of Illinois any original packages of cigarettes which did not have stamps affixed thereto as required by said Act, and also may confiscate and forfeit to the State any vending devices which contained original packages of cigarettes not stamped as required by said Act."

No reference is made to any penalty assessment. Further, the report of the hearing officer, also made a part of the complaint, concludes:

"* * * [I]t is the finding of the Department that the aforementioned original packages of cigarettes did not have affixed thereto Illinois Cigarette Revenue tax stamps or tax imprinting as required by the Illinois Cigarette Tax Act. It is therefore declared that the aforementioned original packages of cigarettes be and they are hereby confiscated and forfeited to the State of Illinois pursuant to Section 453.18a, Chapter 120, Illinois Revised Statutes, as amended."

The report contains no reference to a finding that any penalty has been determined.

■■■ Procedural due process requires that notice be given of the claim asserted. The right to a hearing includes not only the right to present evidence but also a reasonable opportunity to know what claims must be defended against and what consequences are proposed. (See *Morgan v. United States* (1938), 304 U.S. 1, 18-19, 82 L.Ed. 1129, 1132, 1133, 58 S.Ct. 773, 776; *Simon v. Craft* (1901), 182 U.S. 427, 437, 45 L.Ed. 1165, 1171. See also *Bruce v. Dept. of Registration & Education* (1963), 26 Ill.2d 612, 620, 621-622.) In order to be effectual, notice should be so full and clear as to disclose to persons of ordinary intelligence what is proposed. (*Bellingham Bay & British Columbia R.R. Co. v. City of New Whatcom* (1898), 172 U.S. 314, 318, 43 L.Ed. 460, 462.) The test is whether the defendant should have anticipated the effects and orders possible. *Tagg Bros. & Moorhead v. United States* (1929), 280 U.S. 420, 439-440, 74 L.Ed. 524, 50 S.Ct. 220, 224-225.

In the instant case, the notice given to defendants not only omits any mention of possible imposition of penalties, but also by its definite references to what consequences might occur as a result of the hearing could mislead the reader into reasonably believing no other consequences would accrue by defaulting. The notice, in its preface, states it is given in accordance with sections 8, 10 and 18a of the Cigarette Tax Act, but no reference to the penalty provision, section 18b, is made. Since alternate constructions of the interrelation between sections 18a

and 18b are possible and the Department is urging on appeal the adoption of a construction not previously passed upon by our courts, defendants should have been clearly notified at the administrative level before the hearing that the Department might there invoke the penalty provisions of section 18b. (See *Northeastern Indiana Building & Construction Tr. Coun. v. N.L.R.B.* (D.C. Cir. 1965), 352 F.2d 696, 699.) Additionally, since recovery of the penalty under section 18b is discretionary with the Department, the absence of reference to an intent to seek it would suggest to defendants that a penalty was not an anticipated consequence if they failed to appear.

A further bar to the imposition of the penalty is the fact that no finding was made at the close of the section 18a proceeding imposing a penalty. In other words no "debt" was ever created to be "recovered" in the civil action. Moreover, if we accept the procedure taken by the Department in this case to collect penalties under sections 18a and 18b, defendants will be deprived of their right to administrative review since no order imposing a penalty which could be reviewed is ever rendered.

■■ While it does not become material in view of our holding, we comment that a section 18a finding that the packages were not properly stamped, would in any event not conclude the defendant McHenry-Eby Brown. The distributor's liability is not dependent here on the provisions of section 18a or 18b but upon section 2 and procedures outlined in subsequent sections for collection of the cigarette tax from distributors. *E.g.*, Ill. Rev. Stat. 1971, ch. 120, par. 453.9a.

The judgment of the trial court dismissing the complaint is affirmed.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.