JOHNNIE MAE ISABELL, Plaintiff-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

(No. 57306;

First District (2nd Division)—March 26, 1974.

Mark Spiegel, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from a decision of the Circuit Court of Cook County affirming an administrative decision of the Illinois Department of Public Aid (IDPA). The IDPA dismissed plaintiff's administrative appeal on the grounds that it lacked jurisdiction over plaintiff's claim for failure to file the appeal within the required time limits.

On appeal, plaintiff contends that under the applicable statute (Ill. Rev. Stat. 1969, ch. 23, par. 11—8) and IDPA regulations, the 60-day limitation period on the right to appeal does not begin to run until the recipient is served with written notice of the adverse decison; and that a denial of a hearing on grounds of the running of the statutory period, violates both the Federal Social Security Act and due process when notice is not given.

In September of 1969, plaintiff applied for aid to families with dependent children (the county branch of the IDPA, hereafter referred to as AFDC), and informed the department that she and two of her children, William and Eddie, receive medical care. Mrs. Isabell and William have stomach ulcers; Eddie has a heart condition, being born with a hole in his heart. Based on these medical needs, plaintiff requested the county department to include in her public aid grant both a telephone allowance and food allowances for a special diet. Plaintiff testified that the intake officer informed her that the special allowances would be included in the budget.

In November of 1969, plaintiff was declared eligible for AFDC and received monthly payments from January 1970 until April 1971. At no time during the period under appeal, January 1970 through September 1970, were the special allowances included in her grant. Plaintiff testified that the county department never informed her that the special allowances were being denied; nor was she informed of the various component parts that made up her assistance grant.

During the period in question, plaintiff's monthly grants did not remain constant, but varied as follows: January and February 1970—$163.84; March 1970 through June 1970—$169.06; July 1970 through September 1970—$173.48; October 1970 to February 1971—$100.58. In the March through June 1970 period, 5 dollars a month was deducted from plaintiff's grant because of an alleged earlier overpayment. There is no indication in the record that plaintiff was informed of these deductions.

On January 25, 1971, after consulting the Legal Aid Bureau, plaintiff filed a notice of appeal with the IDPA challenging the county department's alleged inaction on her request for the special allowances and the 5 dollar monthly deductions for the period of March 1970 through June 1970. A hearing was held on March 19, 1971, in which neither of the parties raised the jurisdictional issue. The decision of the IDPA, rendered on June 24, 1971, denied the appeal on the ground that it lacked jurisdiction over the subject matter since the appeal was not filed within the required statutory period. Pursuant to the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*), an action for judicial review was brought in the Circuit Court of Cook County. Plaintiff appeals the circuit court's affirmance of the IDPA decision.

The decision of the IDPA rests upon Ill. Rev. Stat. 1969, ch. 23, par. 11—8, which provides *inter alia:*

> "Applicants or recipients of aid may, at any time within 60 days after the decision of the County Department or local governmental unit, as the case may be, appeal a decision denying or terminating aid, or granting aid in an amount which is deemed inadequate, or changing, cancelling, revoking or suspending grants as provided in Section 11—16, or determining to make a protective payment under the provisions of Sections 3—5a or 4—9. An appeal shall also lie when an application is not acted upon within 30 days after the filing of the application, or within a different time period as provided by rule of the Illinois Department, if an adjustment is necessary to conform with Federal requirements.

> If an appeal is not made, the action of the County Department or local governmental unit shall be final."

Defendants argue that the facts of this case indicate that the special allowances requested by Mrs. Isabell were either denied by the local department or never acted upon. Inasmuch as the hearing officer made no finding that these requests were expressly denied or simply not acted upon, we do not vigorously question defendant's ambivalent characterization. However, the record strongly suggests that plaintiff's requests

were never acted upon. Defendants further argue that section 11—8 operates as an absolute bar in either case notwithstanding the absence of notice; or alternatively, that plaintiff was placed on constructive notice by the fluctuating amounts of her monthly grants. We disagree.

AFDC is one of the joint Federal-State public assistance programs authorized by the Social Security Act (42 U.S.C. par. 601 *et seq.*) and administered by the United States Department of Health, Education and Welfare (HEW). As a condition for receiving federal financial assistance, the appropriate state agency is required to comply with the following relevant provision of the Social Security Act:

42 U.S.C. par. 602(2)(4):

> "A State plan for aid and services to needy families with children must * * * provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for aid to families with dependent children is denied or is not acted upon with reasonable promptness * * *."

Not unmindful of the federally imposed obligation to "provide for granting an opportunity for a fair hearing", the state statutes and regulation in question evidence a clear intent to provide meaningful access to administrative appellate remedies. Defendant's contention that Ill. Rev. Stat. 1969, ch. 23, par. 11—8, operates as an absolute bar to administrative remedies notwithstanding any notification to the applicant or recipient, not only fails to appreciate the statutory context of that section, but wholly disregards its own regulation which provides:

> "An applicant or recipient must exercise his right of appeal within 60 days after the decision of the County Department. The date of the written notifications to the applicant of the County decisions on an application is the date from which an appeal may be made within 60 days. When there is a reduction in or termination of assistance, 60 days start with the date of the written notification to the recipient of the change. When the applicant or recipient appeals because of being aggrieved by other action of the County Department, the cause of such grievance shall have been present within 60 days of the appeal." (Illinois Department of Public Aid's Categorical Assistance Manual, section 6001.02.)

Looking to the statutory context of Ill. Rev. Stat. 1969, ch. 23, par. 11—8, we initially note that section 11—8 specifies that within 60 days after the *decision* of the county department an applicant or recipient may appeal that *decision* to the Illinois department. Although section 11—8 does not specify any notice requirement, section 11—6 provides that when a decision has been reached regarding an application, the

applicant shall be given notice within 10 days.[1] The interrelationship of these sections is significant. In *People ex rel Barrett v. Barrett*, 31 Ill.2d 360, 364, 365, 201 N.E.2d 849, the supreme court stated:

> "It is a cardinal rule of statutory construction that significance and effect should, if possible, without destroying the sense or effect of the law, be accorded every paragraph, sentence, phrase and word. * * * A statute should be so construed, if possible, that no word, clause or sentence is rendered meaningless or superfluous. [Citations.]"

The import of sections 11—6 and 11—8 indicate that the "decision" referred to in section 11-8 is one where the State has taken some action and the applicant has been informed of it. Any other construction would not only raise serious questions under Federal law, but would emasculate an applicant's right to notice under section 11—6 merely through the imposition of the 60-day bar.

■■ Nor is this result altered in cases of inaction, as defendants suggest, by that part of section 11—8 which provides:

> "An appeal shall also lie when an application is not acted upon within 30 days after the filing of the application * * *."

Defendants argue that if an application, either in its entirety or in part, is not acted upon within 30 days, a right to appeal accrues and triggers the running of the 60-day limitation period. We are of the opinion that the 30-day period is intended to enable the applicant to expedite his claim when the Department of Public Aid has not acted upon the application, but does not, in any instance, operate to begin the tolling of the 60-day statute of limitations. Under defendants' interpretation, in instances where the county department has made a "decision" on a portion of the application but has done nothing in respect to another portion, some rather inconsistent results are obtained. For example, if plaintiff's caseworker does nothing to process her request for special allowances, the defendants argue that her claim is barred 60 days after she receives her first grant—March 2, 1970. But if the caseworker processes that particular claim at a later date and a "decision" is reached on September 1, 1970, then plaintiff's statutory right to appeal is not barred until November 1, 1970. Defendants' interpretation would lead to the conclusion that an applicant's right to appeal may be lost and resurrected by arbitrary

---

[1] "Within 10 days after a decision is reached on an application, the applicant shall be notified in writing of the decision. If the applicant is determined to be eligible, the notice shall include a statement of the amount of financial aid to be provided. If the application is denied, the notice shall include a statement defining the applicant's right to appeal the decision." (Ill. Rev. Stat. 1969, ch. 23, par. 11—6.)

criteria over which the applicant has no control. Such construction is discordant with the Federal requirement of a "fair hearing" and is contradictory to the statutory and regulatory scheme. We therefore decline to follow defendants' interpretation and conclude that the 60-day statutory period of limiations does not begin to run until a decision had been made by the county department and the applicant or recipient receives notification of that decision.

■■ Defendants alternatively contend that plaintiff was on constructive notice of the "decision" because her aid check fluctuated from month to month. Defendants' contention is not persuasive. Defendants' argue that plaintiff's right to appeal expired on March 2, 1970; yet the record indicates that the first variance in the amount of the grant occurred in March. We fail to perceive how plaintiff had "ample time" to file her appeal, nor do we see the need for determining whether plaintiff was placed on constructive notice at some time subsequent. The statutory scheme and defendants' own regulation require actual notice; improper payment itself is not such notice within the purview of the rule.

For the foregoing reasons, the order of the trial court is reversed and the cause remanded for proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

LEIGHTON and DOWNING, JJ., concur.