EUNICE MANN, Plaintiff-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

(No. 60473;

First District (4th Division)—August 13, 1975.

Gary G. Johnson, of Legal Assistance Foundation, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Eunice Mann, a welfare recipient, brought an action pursuant to the provisions of the Illinois Administrative Review Act seeking judicial review of a final decision of the Illinois Department of Public Aid denying her request for retroactive payment of certain welfare benefits. On March 20, 1974, the trial court affirmed the decision of the Illinois Department of Public Aid, and plaintiff appeals from that judgment.

Mrs. Mann had been a recipient of Aid to Families with Dependant Children, a joint Federal-State public assistance program. On February 3, 1966, a daughter was born to plaintiff; and on July 30, 1967, a son was born to her. She duly reported the birth of each child to the Cook County Department of Public Aid at the time each child was born. An increase in her public assistance grant went into effect on the occasion of each child's birth, but the grant did not include an amount for food and clothing allowance for each child. Mrs. Mann was unaware that she was entitled to these allowances until she was so informed by her case-worker.

In October or November of 1972, Mrs. Mann requested retroactive payment of food and clothing allowances for her two children from the time of their respective births. In December of 1972, she received a check in the amount of $215.22. On March 19, 1973, she appealed to the Illinois Department of Public Aid on the alleged inaction of the Cook County Department of Public Aid in failing to include in her grant a retroactive food and clothing allowance from the time of the births of her two children. On May 9, 1973, the Illinois Department ruled that Mrs. Mann was entitled only to food and clothing allowances from January 1, 1973, since she had already received the December 1972 check in retroactive compensation from September to December of 1972. The Department further ruled that she had 60 days from the time she received the check in December 1972 to challenge the inadequacy of that amount; and that since she did not perfect her right of appeal within the 60-day period, the Department lacked jurisdiction to rule on the merits of her claim that further retroactive relief was required. On March 20, 1974, the trial court affirmed the decision of the Illinois Department of Public Aid and plaintiff appeals.

Section 11—8 of the Illinois Public Aid Code (Ill. Rev. Stat. 1971, ch. 23, par. 11—8) provides *inter alia*:

> "Applicants or recipients of aid may, at any time within 60 days after the decision of the County Department or local governmental unit, as the case may be, appeal a decision denying or terminating aid, or granting aid in an amount which is deemed inadequate * * *.
>
> If an appeal is not made, the action of the County Department or local governmental unit shall be final."

The issue presented is whether the receipt of a retroactive payment in the amount of $215.22 constituted sufficient notice to plaintiff of the decision by the Cook County Department of Public Aid and acted as the operative date from which an appeal under section 11—8 must have been taken if she deemed that amount to be inadequate.

. The Department's position is that the issuance of the check started the 60-day time limit for an appeal. They argue that the receipt of the check constituted constructive notice of the Department's decision. Under the circumstances we are not in accord. The evidence establishes that Mrs. Mann was a woman who for some years remained unaware that she was entitled to additional welfare benefits. Shortly after application for same, she received a check with no further explanation. It is true, as the Department points out, that her monthly assistance checks were in the amount of $287.10 and that the additional check was in the amount of $215.22. Nevertheless, it would be an absurd expectancy to believe that Mrs. Mann was thereby informed of the Department's decision to deny her requested payments. We find it difficult to believe that section 8—11, when viewed in its statutory context, contemplates such perception. Certainly the Department appreciates our belief, for we note that in its brief the Department acknowledges that the normal procedure in issuing a check is to advise the recipient that a check would be forthcoming.

We note too that the Department's contention wholly disregards its own regulation which provides:

> "* * * The date of written notifications to the applicant of the County decisions on an application is the date from which an appeal may be made within 60 days." (IDPA Categorical Assistance Manual, sec. 6001.02.)

This statement clearly requires that both a decision and actual notice thereof be made before the 60-day period begins to run. The fact that the reorganization of the Department could account for the failure to send Mrs. Mann actual notice of their decision or an explanation of the check is no excuse.

■■ In *Isabell v. Department of Public Aid* (1974), 18 Ill.App.3d 868, 310 N.E.2d 742, this court dealt with the precise question of whether actual and/or constructive notice is required. There it was held that the 60-day period did not begin to run until the applicant or recipient received actual notice of the decision. We believe this case is controlling.

The record reveals that little evidence was presented by plaintiff regarding the extent of payments retroactively due her from the date of each child's birth. The issue was never reached by the Illinois Department in view of its finding that it lacked jurisdiction. We therefore reverse the judgment and remand the cause for the purpose of considering the matter on its merits. Because of our view on this issue, we need not consider additional contentions advanced by appellant.

. Reversed and remanded.

DIERINGER, P. J., and ADESKO, J., concur.