HYON WASTE MANAGEMENT SERVICES, INC., Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 77-669

Opinion filed October 12, 1977.

Keck, Cushman, Mahin & Cate, of Chicago (Robin R. Lunn and Susan W. McMillan, of counsel), for appellant.

William R. Quinlin, Corporation Counsel, of Chicago (Daniel Pascale and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Hyon Waste Management appeals from an order of the circuit court of Cook County denying its request for a preliminary injunction against the

City of Chicago (City). Hyon, a corporation in the business of destroying hazardous and toxic industrial wastes, sought the injunction to compel removal of a seal placed on its kiln which effectively halted its operations. Hyon contends that the action taken by the City, under the authority of the Chicago Environmental Control Ordinance, is beyond its home rule powers and also that the action was violative of Hyon's due process rights to prior notice and hearing. Since we believe that Hyon was not afforded due process, we consider it unnecessary to reach the issue of the validity of the environmental control ordinance.

The parties stipulated to the facts in the trial court without an evidentiary hearing. In May 1976, the Illinois Environmental Protection Agency (Agency) issued two operating permits to Hyon. Hyon appealed to the Illinois Pollution Control Board (Board) challenging certain operating conditions contained in the first permit. On December 16, 1976, the Board issued an opinion finding several of the contested conditions unreasonable. The Board remanded the matter to the Agency for issuance of a permit within 90 days in accordance with the Board's findings.

In 1969 the City passed an ordinance entitled "The Chicago Environmental Control Ordinance." This ordinance is administered and enforced by the Chicago Department of Environmental Control (hereinafter the Department) which acts independently of the Illinois Environmental Protection Agency.

On September 1, 1976, following the issuance of a notice of violation by the Department Commissioner, the Department entered into an agreement concerning the resumption of Hyon's operations. The agreement, which set forth several "milestones" to be met by Hyon, was to be effective for 90 days, at which time a field inspection would be conducted prior to the issuance of a certificate of operation. During the interim period, the Department issued three tickets to Hyon for violation of emission standards. On December 7, 1976, the Department informed Hyon by letter that its temporary permits would terminate on December 14 and that any operation after that date would constitute a violation of the environmental control ordinance. Although the agreement of September 1, 1976, provided for a field inspection, the City conducted no such inspection. On December 13, Hyon sent the Department a telegram requesting "timely issuance of appropriate permits." The Department made no response to that request.

A reinspection of Hyon's facilities was made on January 3, 1977. On January 5, Hyon was informed that its permit applications would be denied. On January 11, 1977, by authority of an order to seal issued by the Commissioner on the previous day, Department personnel placed a seal on Hyon's kiln, thus closing down its operation.

Between December 14, 1976, and January 11, 1977, seven tickets were issued to Hyon by the Department. Five of these tickets were for operating an incinerator without a permit and two were for violations of emission standards. Apart from the facts set forth above, there was no other communication between the Department and Hyon regarding Hyon's kiln or its sealing. On March 25, 1977, the trial court entered the order denying Hyon's request for a preliminary injunction.

■■■ The City initially contends that the summary action taken was in accordance with the procedure authorized by section 17—2.36 of the Chicago Environmental Control Ordinance which provides:

> "17—2.36. If an installation permit for which an application is required by section 17—2.28 is not procured prior to the start of any work for which such a permit is required or if any work for which an installation permit has been issued fails to comply with the plans and specifications filed in connection therewith or with the terms of such permit, the commissioner shall have authority to stop all work and seal the installation or equipment and further work or operation shall not proceed until the commissioner has issued an installation permit and has been assured that work will proceed in accordance with the installation permit."

Hyon maintains that this section is inapplicable in the present case because the parties, at the time the seal was ordered, had moved beyond the installation permit stage. On the basis of the stipulated facts, we agree with Hyon. The seal was ordered only after the Commissioner had denied Hyon's request for issuance of a certificate of operation. It seems apparent that the Department would not allow nearly three weeks to elapse before sealing the kiln if the action were based upon the expiration of the 90-day installation permit or upon Hyon's failure to comply with the permit's conditions. Moreover, even assuming that the foregoing section is applicable, it cannot be construed as authorizing the Commissioner to seal a plant without notice or hearing. To do so would imply a legislative intent to abrogate the due process clauses of both Federal and State constitutions. (See *Drukin v. Hey* (1941), 376 Ill. 292, 33 N.E.2d 463.) In order to dispel any doubt on this issue, it should be noted that the ordinance was amended in 1974 to add the following section:

> "17—2.57. Upon notice and hearing, if notice and hearing has not previously been provided, the Commissioner may order that the use of any fuel-burning, combustion or process equipment or device shall be disconnected and may seal such equipment or process.
>
> (1) As provided in Sections 17—2.36 and 17—2.56 of this chapter;
>
> (2) When a certificate of operation is refused in the case of

any original, annual or subsequent inspection, because the person required to procure such certificate has not complied with the provisions of this chapter; * * *."

By explicit reference to section 17—2.36, this amended section incorporates its notice and hearing provisions into the summary procedure provided for in the prior section. It therefore cannot be contended by the City that its own ordinance permits the sealing of equipment without prior notice and hearing. "It is basic due process that the Government cannot set up regulations and then disregard them." *Brown v. United States* (N.D. Tex. 1974), 377 F. Supp. 530, 539.

Since the parties to this action were beyond the installation permit stage at the time the seal was affixed to Hyon's kiln, this matter comes under the above quoted subsection (2) providing for the sealing of equipment when a certificate of operation has been refused. Again, the introductory language to this section, "upon notice and hearing," mandates prior notice and the opportunity to be heard before any equipment may be sealed. Since these protections were not afforded Hyon, the City failed to comply with the section.

■■ The City also contends that the agreement of September 1, 1976, entered into between the Department and Hyon contained a waiver by Hyon of any rights to prior notice and hearing. The City particularly notes the following language in the agreement as constituting Hyon's authorization of the summary procedure employed: "If milestone as set forth in this document and reported to the Commissioner by the DEC's engineering and enforcement personnel are not met, and, if in the opinion of the Commissioner this facility becomes a hazard to the health and welfare of the people of Chicago, the Commissioner will order Hyon to stop receiving wastes until the milestones have been met." Taken in the context of the entire agreement, we find this argument unconvincing. The agreement is concerned primarily with the storage and removal of drums on Hyon's premises. There is a reference to the need for prompt detection and elimination of noxious odors, but nowhere does the agreement specifically authorize the Commission to seal Hyon's equipment without notice. It is fundamental that a waiver of a constitutional right must be knowing and intelligent. (*D. H. Overmyer Co. v. Frick Co.* (1972), 405 U.S. 174, 31 L. Ed. 2d 124, 92 S. Ct. 725.) We find no showing of a knowing and intelligent waiver of the right to prior notice and hearing contained in the agreement executed by Hyon and the Department.

■■ The City next contends that Hyon in fact did have adequate notice and opportunity to be heard. For this contention the City relies on section 17—2.56 of the ordinance which provides:

"17—2.56. After any person has been previously notified of three or more violations of this chapter within any consecutive twelve-

month period in respect to the emission of smoke, particulate or other matter by the same piece of equipment in excess of the emission limitations herein provided * * *, such person shall be notified in writing to show cause before the Commissioner on a day certain, not less than twenty days from the date of service of such notice, why the equipment or process causing such violations should not be sealed. * * *"

Hyon received several citations for violations of emission standards between October 5 and December 27, 1976. The City maintains that the notice provided by these citations, together with the trials on each individual violation, satisfied the requirements of the ordinance. However, this argument ignores the clear language of the ordinance. Section 17—2.56 provides for notice and hearing on the issue of whether or not the equipment must be sealed and not merely trials on the individual citations. The test of the adequacy of notice is whether it clearly apprises a defendant of the claims to be defended against and whether the defendant, on the basis of the notice given, could anticipate the possible effects of the proceeding. (*Department of Revenue v. Jamb Discount* (1973), 13 Ill. App. 3d 430, 301 N.E.2d 23.) In the present case, Hyon, upon receiving a ticket for emission violation, would not anticipate that an adverse ruling would result in the sealing of its equipment and closing down of its operation. Nothing is contained in the record to indicate that during any of the trials on the individual citations Hyon was informed of the Commissioner's proposed action. Since section 17—2.56 contemplates at least 20 days' notice and a hearing specifically to show cause why a defendant's operations should not be sealed, the City cannot now contend that anything less will suffice as compliance.

■■ We find the City's belated contention that this case falls within that narrow class of cases where notice and hearing may be postponed because of exigent circumstances to be without merit. Its argument that Hyon's operations constituted an imminent threat to the public health and welfare is undermined by the fact that the Department permitted Hyon to continue its operations for over three months.

For the reasons stated, the order of the circuit court of Cook County denying Hyon's request for a preliminary injunction is reversed. The trial court is directed to issue the preliminary injunction pending compliance by the City with the notice and hearing provisions of the environmental control ordinance.

Order reversed and cause remanded with directions.

SIMON, P. J., and McGILLICUDDY, J., concur.