WILLIAM JOHNSON, JR., Plaintiff-Appellee, v. STATE EMPLOYEES RETIREMENT SYSTEM, Defendant-Appellant.

First District (4th Division)  No. 86—1149

Opinion filed April 30, 1987.

JIGANTI, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Diane M. Curry, Assistant Attorney General, of Chicago, of counsel), for appellant.

Robert P. Burns, of Northwestern University Legal Clinic, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, William Johnson, Jr., sought administrative review in the circuit court of Cook County of a decision by defendant, the State Employees Retirement System, denying him survivor's benefits. Defendant moved to dismiss the action because plaintiff filed his complaint after the statutory 35-day limit. The trial court denied the motion to dismiss and we granted defendant this interlocutory appeal. The issue before us is whether the notice of defendant's decision, which failed to inform plaintiff of his right to appeal the decision and the 35-day limit for filing an appeal, denied plaintiff due process of law.

We affirm.

The record shows that plaintiff's wife worked for the State of Illinois for approximately 13 years and retired with full retirement benefits. She died in November 1984. Soon thereafter, plaintiff filed a claim with defendant for survivor's benefits under defendant's Survivor's Annuity Benefit Plan. The record before us does not describe the proceedings defendant held regarding plaintiff's claim. The record does show, however, that defendant made a final decision to deny plaintiff's claim.

Defendant notified plaintiff of its final decision in a letter dated July 22, 1985, which plaintiff received on July 26, 1985. The letter stated as follows:

"At the July 17, 1985 meeting of the Board of Trustees of the State Employees' Retirement System, the Board ratified the Executive Committee's decision to deny your appeal for Survivor's Benefits.

This constitutes final administrative review of your appeal by the State Employees' Retirement System.

If you have any questions, please contact this office."

At the bottom of the letter was a notation indicating that defendant sent a copy to plaintiff's attorney.

The record further shows that plaintiff brought this action for judicial review of the agency's decision pursuant to the Administrative Review Act (the Act), now codified as article III of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 et seq.). Plaintiff filed his complaint in the trial court on September 19, 1985, 55 days after he received defendant's final decision. Defendant moved to dismiss the cause, arguing that plaintiff filed the complaint more than 35 days after he was notified of its decision, contrary to the Act (Ill. Rev. Stat. 1985, ch. 110, par. 3—103).

The trial court denied the motion, ruling that the Act required defendant to notify claimants that they have a right to judicial review and that they must exercise the right within 35 days. We granted defendant this interlocutory appeal pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)).

■ Defendant contends that the Act's 35-day time limit for filing a complaint is jurisdictional; thus, the trial court erred in ruling that defendant's failure to notify plaintiff of his appeal rights tolled the filing period. Section 3—103 of the Code of Civil Procedure provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint *** within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) Defendant is correct that the 35-day limit is jurisdictional; thus, the failure to file a complaint within that time period will result in dismissal of the complaint. *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 479, 350 N.E.2d 6, 9.

This court has held, however, that a filing period such as the 35-day period here does not begin to run until the agency has provided the plaintiff with adequate notice of its decision. (*Isabell v. Department of Public Aid* (1974), 18 Ill. App. 3d 868, 873, 310 N.E.2d 742,

745, relied upon in *Mann v. Department of Public Aid* (1975), 31 Ill. App. 3d 430, 432, 333 N.E.2d 233, 235.) In the instant case, both parties and the trial court all agree that the better practice would have been for defendant to include the appeal information with its final decision. Rather, the issue here is whether the notice that plaintiff received was so inadequate as to deny him due process of law.

■ The trial court concluded that plaintiff's notice, without informing him of his right to appeal and the time limit for so doing, denied him due process of law. The defective notice, thus, tolled the 35-day filing period. We agree. One phrasing of the due process standard is as follows:

> "Procedural due process requires that notice be given of the claim asserted. The right to a hearing includes not only the right to present evidence but also a reasonable opportunity to know what claims must be defended against and what consequences are proposed. [Citations.] In order to be effectual, notice should be so full and clear as to disclose to persons of ordinary intelligence what is proposed. [Citation.] The test is whether the defendant should have anticipated the effects and orders possible. [Citation.]" *Department of Revenue v. Jamb Discount* (1973), 13 Ill. App. 3d 430, 435, 301 N.E.2d 23, 27, relied upon in *Hyon Waste Management Services, Inc. v. City of Chicago* (1977), 53 Ill. App. 3d 1013, 1018, 369 N.E.2d 179, 182.

■ Applying this standard to the instant case, we conclude that the notice here was constitutionally inadequate. Plaintiff, of course, could not have "anticipated the effects and orders possible" because defendant did not tell him that he could appeal the decision and that he had only 35 days to do so. The right to adequate notice is an essential element of due process, which plaintiff did not receive.

We conclude that defendant's notice to plaintiff was constitutionally inadequate because it failed to inform him of his right to appeal and the time period for so doing. As a result, the defective notice tolled the statutory 35-day filing period. Consequently, we hold that the trial court did not err in denying defendant's motion to dismiss plaintiff's complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

Although I agree that the better practice would be for the agency to include information regarding the 35-day limit for filing an appeal in its notice of decision, I must respectfully dissent from its conclusion that the failure to do so rises to the level of a constitutional violation.

In support of his argument that the notice failed to comport with due process requirements, the plaintiff relies primarily upon *Mathews v. Eldridge* (1976), 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893, and *Memphis Light, Gas & Water Division v. Craft* (1978), 436 U.S. 1, 56 L. Ed. 2d 30, 98 S. Ct. 1554. In *Mathews v. Eldridge* (1976), 424 U.S. 319, 332-33, 47 L. Ed. 2d 18, 31-32, 96 S. Ct. 893, 901-02, the United States Supreme Court stated that procedural due process places constraints upon governmental action which affects protectable property interests and that some form of hearing is required before a person is finally deprived of a property interest. As stated in *Memphis Light, Gas & Water Division v. Craft* (1978), 436 U.S. 1, 13, 56 L. Ed. 2d 30, 41, 98 S. Ct. 1554, 1562, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Accordingly, several Illinois cases have held that adequate notice under the due process clause requires that persons affected by State action be informed of procedures giving them an opportunity to be heard and to present their objections. *Valdez v. City of Ottawa* (1982), 105 Ill. App. 3d 972, 975-76, 434 N.E.2d 1192, 1195; *Hoban v. Rochford* (1979), 73 Ill. App. 3d 671, 680, 392 N.E.2d 88, 94.

The plaintiff here makes no claim that he was deprived of an opportunity to be heard or to present his case to the agency prior to its decision to deny his claim for benefits. Rather, his argument is that the agency denied him due process by failing to inform him of his right to an appeal or rehearing. The right to appeal an administrative decision, however, is not considered an essential element of due process. (*Board of Education v. County Board of School Trustees* (1963), 28 Ill. 2d 15, 18, 191 N.E.2d 65, 66; *Board of Education v. Gates* (1974), 22 Ill. App. 3d 16, 20, 316 N.E.2d 525, 529.) For this reason, I cannot agree that failure to advise a claimant of this right is a constitutional violation.