KATHY CARVER, Plaintiff-Appellant, v. ADAMS COUNTY SHERIFF ROBERT NALL *et al.*, Defendants-Appellees.

Fourth District No. 4—98—0180

Opinion filed October 20, 1998.

Richard D. Frazier, of Metnick, Cherry & Frazier, of Springfield, for appellant.

Richard J. Ringhausen, of Hardin, for appellee Robert Nall.

Matthew A. Hutmacher, of Hutmacher, Rapp & Ortbal, P.C., of Quincy, for other appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

On October 22, 1997, defendant Adams County Sheriff's Merit Commission (Commission) notified plaintiff, Kathy Carver, that it was suspending her for 10 days without pay. Thirty-five days later, on November 26, Carver filed a complaint for administrative review in the circuit court (735 ILCS 5/3—102 (West 1996)), but she did not have summonses issued until December 3. The circuit court dismissed the complaint because Carver failed to have summonses issued within 35 days of the Commission's serving its decision upon her, as required by the Administrative Review Law (Act) (735 ILCS 5/3—103, 3—113 (West 1996)).

Carver appeals, claiming that (1) she is entitled to the "good-faith effort" exception to the statutory requirement that she have summons issue within the 35-day time limit; and (2) the Commission's failure to notify her of her appeal right tolled the 35-day limit. We affirm.

## I. BACKGROUND

According to Carver's complaint for administrative review, defendant Robert Nall was the sheriff of Adams County, and Carver was an Adams County deputy sheriff. In March 1997, Nall requested the Commission to terminate Carver for her allegedly dishonest conduct during the preparation of a search warrant. After providing notice to Carver, the Commission held a hearing, at which Carver was represented by counsel.

The Commission decided not to terminate Carver but suspended her for 10 days without pay. It notified her of its decision via mail on October 22, 1997. However, the notice did not inform Carver of her right to appeal the decision in the circuit court. Nor did the notice inform Carver of the time limit for filing such an appeal.

On November 25, 1997, Carver's attorney sent eight copies of the complaint to the Adams County circuit clerk. A cover letter instructed the circuit clerk to return seven file-stamped copies to the attorney's office. The letter also indicated that "it is *imperative* that this [c]omplaint is filed no later than *November 26, 1997* [(35 days after the Commission mailed its decision to Carver)]." (Emphasis in original.) The letter did not request the circuit clerk to issue summonses. On November 26, 1997, Carver filed a complaint for administrative review of the Commission's decision, pursuant to the Act (735 ILCS 5/3—103 (West 1996)).

On December 3, 1997, Carver's attorney sent seven file-stamped copies of the complaint back to the circuit clerk, along with prepared summonses for each of the seven defendants. A cover letter instructed the circuit clerk to forward the complaints and summonses to the appropriate offices for service.

Defendants subsequently moved to dismiss the complaint, asserting that because section 3—103 of the Act required both the filing of the complaint and the issuance of summonses within 35 days of Carver's being notified of the Commission's decision (735 ILCS 5/3—103 (West 1996)), Carver's failure to have summonses issue within that time limit required dismissal. In February 1998, the circuit court conducted a hearing on defendants' motions, granted them, and dismissed Carver's complaint.

This appeal followed.

## II. ANALYSIS

Carver appeals, arguing that (1) she is entitled to the "good-faith effort" exception to the statutory requirement that she have summons issue within 35 days of the Commission's serving its decision upon her; and (2) the Commission's failure to notify her of her appeal right tolled the 35-day period. Addressing these arguments requires a review of the Act's timeliness requirements.

### A. The Act's Timeliness Requirements

Section 3—102 of the Act provides as follows:

"*Unless review is sought* of an administrative decision *within the time and in the manner herein provided, the parties* to the proceeding before the administrative agency *shall be barred from obtaining judicial review* of such administrative decision." (Emphasis added.) 735 ILCS 5/3—102 (West 1996).

Thus, the Act allows for review of administrative decisions only when the party seeking review strictly complies with its procedures. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353, 549 N.E.2d 1266, 1267 (1990); *Straub v. Zollar*, 278 Ill. App. 3d 556, 561, 663 N.E.2d 80, 83 (1996).

In addition, section 3—103 of the Act provides as follows:

"*Every action* to review a final administrative decision *shall be commenced* by the filing of a complaint *and the issuance of summons within 35 days* from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***." (Emphasis added.) 735 ILCS 5/3—103 (West 1996).

Thus, section 3—103 of the Act specifically requires *both* the filing of the complaint and the issuance of summons to be accomplished within 35 days of the administrative agency's serving its decision on the plaintiff. 735 ILCS 5/3—103 (West 1996).

Carver failed to comply with these requirements. Even though she filed her complaint on the last day of the 35-day time limit, she did not have summonses issue within that time. For that reason, an applicable exception to the timeliness requirements must exist for her to prevail.

## B. Exceptions to the Act's Timeliness Requirements

Carver asserts that two different judicially crafted exceptions to the Act's timeliness requirements excuse her noncompliance. First, Carver contends that she relied in good faith on the circuit clerk to issue the summonses, and the circuit clerk's failure to do so cannot defeat Carver's claim. Alternatively, Carver argues that the 35-day limitations period was tolled because the notice that the Commission sent to her of its decision did not inform her of her appeal right. We reject both of these arguments.

### 1. *Good-Faith Effort To Have Summonses Issue*

Carver contends that she made a good-faith effort to have summonses issue within the 35-day time limit, but that the time limit expired solely due to the circuit clerk's failure to timely issue the summonses. Accordingly, Carver asserts that her good-faith reliance on the circuit clerk entitles her to a relaxation of the 35-day time limit. We disagree.

In actions brought under the Act, neither the parties nor their attorneys issue summons. Instead, "[t]he [circuit] clerk shall issue summons upon request of the plaintiff." 735 ILCS 5/2—201 (West 1996); see also 166 Ill. 2d R. 101. In addition, the Act specifies that the circuit clerk shall serve summons on each of the defendants via certified or registered mail. To facilitate this, the plaintiff must, along with the complaint, file an affidavit specifying the last known address for each of the defendants. 735 ILCS 5/3—105 (West 1996).

Because it would be unfair to deprive the plaintiff of her administrative review due to the clerk's failure to issue summons in a timely manner, the supreme court recognizes a "good-faith" exception under certain limited circumstances to the Act's 35-day time limit for

the issuance of summons. *City National Bank & Trust Co. v. Property Tax Appeal Board*, 97 Ill. 2d 378, 454 N.E.2d 652 (1983). This exception is limited to those cases where "the plaintiffs had made a good-faith effort to [have the circuit clerk] issue summons within the statutory period" but "[n]evertheless, due to some circumstance beyond their control, summons was not issued within the statutory period." *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268-69.

Carver argues that her "good-faith effort" consists of her attorney's assumption that the circuit clerk would issue the summonses for her. In support of her argument, Carver relies on the following passage from *Azim v. Department of Central Management Services*, 164 Ill. App. 3d 298, 302, 517 N.E.2d 718, 721 (1987):

> "In many counties in this State, prepared summonses are not presented when a complaint is filed. Rather, the clerk of the court prepares summonses and issues them to the defendants of record. Accordingly, *** it was reasonable for [plaintiff's attorney] to expect summonses to be issued by the clerk's office *** within the 35-day period."

We do not read the above-quoted language to mean, as Carver contends, that the plaintiff may take advantage of the "good-faith" exception by doing nothing more than simply assuming that the circuit clerk will issue summonses without a request or instruction to do so. In *Azim*, the plaintiff's attorney spoke on the phone with an employee at the circuit clerk's office and told her that the complaint needed to be "file-stamped and served" that day. *Azim*, 164 Ill. App. 3d at 300, 517 N.E.2d at 719. Because the circuit clerk's employee did not indicate that the plaintiff needed to prepare the summonses before they would be issued, the *Azim* court concluded that the plaintiff's reliance on the circuit clerk's office was reasonable. *Azim*, 164 Ill. App. 3d at 302-03, 517 N.E.2d at 721.

■ Here, Carver never asked the circuit clerk to issue summonses. Instead, her attorney's cover letter asked for the return of seven file-stamped copies of the complaint, the same quantity as the number of defendants. Furthermore, Carver failed to provide the circuit clerk with defendants' addresses, as required by the Act (735 ILCS 5/3—105 (West 1996)). Under these circumstances, we conclude that the so-called "good-faith" exception to the Act's timeliness requirements, as explained in *City National Bank* and *Lockett*, does not apply to this case.

### 2. *Tolling of the Limitations Period*

■ Citing *Johnson v. State Employees Retirement System*, 155 Ill. App. 3d 616, 508 N.E.2d 351 (1987), Carver alternatively contends that the 35-day limitations period was tolled by the Commission's fail-

ure to notify her of her appeal right. Specifically, Carver claims that the Commission's failure to do so excused her from having the summonses issue within the statutory time limit. We disagree.

In *Johnson*, 155 Ill. App. 3d at 619, 508 N.E.2d at 353, the First District Appellate Court concluded that when an administrative agency renders a decision, its notice of that decision must inform the affected party both of the right to appeal under the Act and the time limit for doing so. The *Johnson* court did not base this conclusion upon any interpretation of the Act, but instead held that any notice of the agency's adverse ruling that failed to inform the plaintiff of her appeal right was "constitutionally inadequate." *Johnson*, 155 Ill. App. 3d at 619, 508 N.E.2d at 353. The court concluded that enforcement of the Act's 35-day time limit in the wake of such "inadequate" notice would violate the plaintiff's procedural due process rights. *Johnson*, 155 Ill. App. 3d at 619, 508 N.E.2d at 353. For the reasons that follow, we believe that *Johnson* was incorrectly decided and decline to follow it.

The *Johnson* court expanded on cases holding that the limitations periods "do[ ] not begin to run until the agency has provided the plaintiff with adequate notice *of its decision*," as required by the applicable statute. (Emphasis added.) *Johnson*, 155 Ill. App. 3d at 618-19, 508 N.E.2d at 353, citing *Isabell v. Department of Public Aid*, 18 Ill. App. 3d 868, 873, 310 N.E.2d 742, 745 (1974), and *Mann v. Department of Public Aid*, 31 Ill. App. 3d 430, 432, 333 N.E.2d 233, 235 (1975). However, these cases do not support *Johnson*'s conclusion. Both *Isabell* and *Mann* engage in statutory—not constitutional— construction. After analyzing the plain language of the statute at issue (Ill. Rev. Stat. 1969, ch. 23, par. 11—8), those cases rejected the notion that a plaintiff could receive constructive notice of an adverse agency decision (*Isabell*, 18 Ill. App. 3d at 870-72, 310 N.E.2d at 743-45; *Mann*, 31 Ill. App. 3d at 432, 333 N.E.2d at 235 (following *Isabell*)). See 735 ILCS 5/3—103 (West 1996). Unlike *Johnson*, neither *Isabell* nor *Mann* places any requirements on an agency beyond those enumerated by statute.

The *Johnson* court justified its deviation from the language of section 3—103 of the Act by concluding, for the first time, that constitutional due process concerns imposed requirements in addition to those spelled out in the statute. Before reaching this conclusion, the court cited only two due process decisions, which stand merely for the unalarming proposition that a person whose interests are at stake in an administrative hearing has a right to be notified of the time, place, and subject matter of that hearing. *Johnson*, 155 Ill. App. 3d at 619, 508 N.E.2d at 353, citing *Department of Revenue v. Jamb Discount*, 13 Ill. App. 3d 430, 435, 301 N.E.2d 23, 27 (1973), and *Hyon Waste*

*Management Services, Inc. v. City of Chicago*, 53 Ill. App. 3d 1013, 1018, 369 N.E.2d 179, 182 (1977). This general proposition does not compel *Johnson*'s broad conclusion that after the administrative agency has provided the plaintiff with notice, an opportunity to be heard, and a decision on the merits, it must also notify the plaintiff of the statutory right to appeal an adverse decision to the circuit court.

After discussing general principles of due process, the *Johnson* court never went on to squarely ask the question it purported to answer: what is the constitutionally minimal procedure due to a party who has been adversely affected by an administrative agency's decision? This inquiry is required by the opinion of the supreme court that "due process is flexible and calls for such procedural protections as the particular situation demands." *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 419, 687 N.E.2d 1050, 1062 (1997).

In seeking an answer to this inquiry, we draw an analogy to the procedurally similar position of a civil litigant subject to the final judgment of a trial court. In Illinois, such a party must file a notice of appeal within 30 days of the adverse decision. 155 Ill. 2d R. 303. However, we are not aware of any Illinois decision—or any decision from any American jurisdiction—holding that civil litigants are entitled to be informed by the court of their appeal rights once the court has issued a final judgment. See *Local 799, American Federation of State, County & Municipal Employees v. Henkhaus*, 88 Ill. App. 3d 1034, 411 N.E.2d 68 (1980) (concluding that no notice of the right to appeal is necessary under Rule 303).

If such a right to be notified of one's appeal rights were to exist, the differences between civil lawsuits and administrative review suggest that in civil lawsuits litigants would have a greater need for such notice than those involved in administrative review. After all, civil lawsuits frequently involve higher stakes than their administrative counterparts, such as issues involving compensation for serious injuries or disruptions of families.

We note that rulings on several different types of pretrial motions may dispose of a case (such as granting motions for summary judgment or to dismiss with prejudice), yet no rule requires the trial court either to put its dispositive orders in formal written form or to tell the losing party that he has lost. A civil litigant might become confused about whether a final judgment has been entered. Meanwhile, the 30-day clock may already be ticking. See, *e.g., Davis v. Carbondale Elementary School District No. 95*, 170 Ill. App. 3d 687, 689-90, 525 N.E.2d 135, 136-37 (1988) (noting specifically that appellant reason-

ably believed that the trial court's order was not final, yet strictly applying the 30-day time limit from the date of that order and dismissing appeal).

The supreme court has consistently refused to toll the 30-day filing period, even when a civil litigant does not receive notice of a trial court's final judgment. *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 149-50, 632 N.E.2d 1010, 1012 (1994); *Granite City Lodge No. 272 v. City of Granite City*, 141 Ill. 2d 122, 126, 565 N.E.2d 929, 931 (1990). Recently, the appellate court followed these opinions even when the circuit clerk failed to make a docket entry at the time that the judgment was entered. *Childers v. Kruse*, 297 Ill. App. 3d 70, 76, 696 N.E.2d 1253, 1258 (1998). These cases demonstrate that civil litigants lack any constitutional right to be notified of the right to appeal and the time limit for doing so. In fact, any suggestion to the contrary would be so novel that apparently no one has even attempted to make it. Against this backdrop, *Johnson*'s contrary conclusion with respect to administrative review cannot be correct.

Having rejected *Johnson*, we note in passing that it has always been an anomalous decision with a meager following. When parties have cited *Johnson* during an appeal, courts have generally distinguished it. See, *e.g., Poturalski v. Police Board*, 228 Ill. App. 3d 864, 867-68, 593 N.E.2d 781, 783 (1992); *Holmes v. Aurora Police Pension Fund Board of Trustees*, 217 Ill. App. 3d 338, 345-47, 577 N.E.2d 191, 195-97 (1991).

In the 11 years since its publication, *Johnson* has not determined the outcome of a single published decision, and only two cases purport to treat it as authority (*Illinois Wood Energy Partners, L.P. v. County of Cook*, 281 Ill. App. 3d 841, 667 N.E.2d 477 (1995); *Keller v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 245 Ill. App. 3d 48, 614 N.E.2d 323 (1993)). However, in both of those cases, the administrative agency not only failed to inform the plaintiff of the right to appeal, but also failed to serve the plaintiff with notice of the final agency decision (*Illinois Wood Energy Partners*, 281 Ill. App. 3d at 851, 667 N.E.2d at 483; *Keller*, 245 Ill. App. 3d at 53-54, 614 N.E.2d at 327). Thus, the discussion in *Johnson* about the need to notify the aggrieved party of her appeal right had no role in the outcome of either of those cases, and our reexamination of *Johnson*'s due process analysis does not erode the impact of subsequent case law.

As the supreme court has noted, "[w]hether, and to what extent, action by an administrative agency is reviewable is a question of statutory interpretation." *Hanrahan v. Williams*, 174 Ill. 2d 268, 273, 673 N.E.2d 251, 254 (1996). The Act provides a clear limitations period, and it does not toll that period when the administrative agency fails to

notify the plaintiff of her appeal right. The constitutional gloss that the *Johnson* court added to this statutory procedure was inappropriate.

Accordingly, we hold that a strict application of the Act's 35-day limitations period does not violate due process. Because Carver failed to secure the issuance of summonses within that time period, the circuit court properly dismissed her complaint.

### III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment.

Affirmed.

GARMAN, P.J., and GREEN, J., concur.