SHIRLEY ANN JOHNSON, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID et al., Defendants-Appellees.

Third District No. 82—61

Opinion filed October 19, 1982.

Duane D. Thompson and Dean L. Sutton, both of Prairie State Legal Services, Inc., of Rock Island, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Shirley Ann Johnson filed a complaint against defendants Illinois and Rock Island County Departments of Public Aid, and the directors of those agencies, for administrative review of an adverse Illinois Department of Public Aid (hereinafter the Department) decision. After a hearing on the merits, the circuit court of Rock Island County found the Department's decision to be neither contrary to law nor against the manifest weight of the evidence.

Plaintiff is, and has been at all times relevant to this appeal, a recipient of Aid to Families with Dependent Children (hereinafter AFDC), which is administrated by the Department. She receives a monthly subsistance grant for herself and her three children, and on June 30, 1980, was placed on a "Protective Payment Plan" (hereinafter a Plan). A Plan is established when, *inter alia*, a caretaker relative has demonstrated such an inability to manage funds that payments to that relative are not in the best interest of a child. A protective payee is then appointed to assume responsibility for the expenditure of the assistance payments for the benefit of the recipients. Pursuant to her Plan, rent was taken from plaintiff's grant and paid to her landlord.

On October 15, 1980, plaintiff moved and was apparently immediately in arrears on her rent. On October 29, 1980, she was again placed on a Plan and the following day was sent this letter:

"As we discussed on Monday, October 27, 1980, this office will pay your rent directly to your landlord out of your AFDC check along with your gas and electric bill. Beginning with your November check Mrs. Gallagher will pay Mr. Dick McNamara your current rent of $145.00 plus $25.00 on the arrears.

Please contact your caseworker if you have any questions concerning this matter."

Having been sent to the wrong address, the letter never arrived.

As plaintiff's new residence had expensive utility bills, her grant did not provide sufficient funds to pay utilities, rent, and the arrears. On December 22, 1980, her landlord took judgment for $169.50 and possession of the premises, and on or about January 3, 1981, plaintiff was evicted. She moved to a new residence and informed the Department, who provided rent to her new landlord. Plaintiff claims she also informed the Department of the judgment and eviction. The Depart-

ment disputes this.

The payments to the former landlord continued through the end of February 1981. Plaintiff claims she several times questioned the Department about the reason for this, but the Department apparently disputes this as well. On or about March 12, 1981, she requested a hearing on the matter "to keep Mr McNarmara [*sic*] from receiving any more money out of my check. Since I an [*sic*] no longer in his preimies [*sic*]." The Department had paid the landlord $196.22 since he had taken his judgment and dismissed plaintiff's appeal because it was not exercised "within the time frame described in the Department Policy."

Section 11—8 of the Illinois Public Aid Code (hereinafter the Code) (Ill. Rev. Stat. 1979, ch. 23, par. 11—8) provides in part:

> "Applicants or recipients of aid may, at any time within 60 days after the decision of the County Department or local governmental unit, as the case may be, appeal a decision denying or terminating aid, or granting aid in an amount which is deemed inadequate, or changing, cancelling, revoking or suspending grants as provided in Section 11—16, or determining to make a protective payment under the provisions of Sections 3—5a or 4—9."

Section 230.4 of the Department AFDC Categorical Assistance Manual (hereinafter the Manual) provides further, *inter alia*:

> "Every recipient of assistance has the right to a written and timely notice whenever assistance is reduced, suspended or terminated or a protective payment plan is being established."

Section 230.5 of the Manual explains, *inter alia*:

> "The above notices must contain the following information:
> a. A clear statement of the action to be taken
> b. A clear statement of the reason for the action
> c. A specific policy reference which supports such action
> d. A complete statement of the client's right to appeal.
> The 'timely' notice to the recipient shall contain, in addition to the above, a statement indicating that assistance will be continued at the previous level if an appeal is filed within 10 days of the date on the notice."

Section 235.4 of the Manual ties in the above notice with the 60-day appeal period:

> "The client or authorized representative must exercise the right to appeal within 60 calendar days after the decision of the local office. Day one of the 60 day time period is the day following:

a. The date on the written notification of a decision on an application.

b. The date on the written notification of reduction, suspension or termination of assistance.

c. The date on the written notification of a decision on a request for prior approval for payment of a medical service or item.

d. The date of the Department's notification of denial of a request or other action which aggrieves the client when that denial or action is other than an application decision or a decision to reduce, suspend or terminate assistance.

\*\*\*

The 60-day time limitation does *not* apply when the Department fails to send a required written notification, fails to take action on a specific request, or denies a request without informing the client."

The issue thus becomes whether plaintiff received the requisite notice.

It is uncontroverted that the letter of October 30, 1980, was sent to a wrong address due to a typographical error. The Department argues, however, that plaintiff had constructive and/or actual notice of the decision to place her on a Plan. This, it contends, was sufficient to trigger the 60-day period.

The sufficiency of constructive notice has previously been addressed and rejected in *Mann v. Department of Public Aid* (1975), 31 Ill. App. 3d 430, 333 N.E.2d 233, and *Isabell v. Department of Public Aid* (1974), 18 Ill. App. 3d 868, 310 N.E.2d 742. The language of these decisions, however, leaves open the possible sufficiency of actual notice.

The Department argues that the actual notice in this cause consisted of the discussion of October 27, 1980, memorialized in the misaddressed letter. The Department does not contend nor does the letter suggest that plaintiff was given a "clear statement of the reason for the action," "a specific policy reference which supports such action," nor "a complete statement of the client's right to appeal" as required by section 230.5 of the Manual. Moreover, section 230.4 of the Manual dictates written notice when a Plan is being established. While it deals with applications for financial aid and social services, we also note by analogy that section 11—6 of the Code (Ill. Rev. Stat. 1979, ch. 23, par. 11—6) requires written notice as well as a statement defining an applicant's right to appeal if an application is denied. Under these circumstances, we do not find the actual notice in this cause to be sufficient to trigger the 60-day appeal period. Plain-

tiff's appeal to the Department was therefore exercised "within the time frame described in the Department Policy."

Accordingly, the judgment of the circuit court of Rock Island County is reversed and this cause remanded for further proceedings consistent with the views herein.

Reversed and remanded.

ALLOY and SCOTT, JJ., concur.