THE CYPRESS LOUNGE, Plaintiff-Appellee, v. THE TOWN OF CICERO, Defendant-Appellant.

First District (4th Division) No. 87—0093

Opinion filed December 31, 1987.

Steven C. Filipowski and Dennis E. Both, both of Cicero, for appellant.

Thomas J. Condron, of Heineke, Burke, Healy & Bodach, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Anastasia Lambeseis, doing business as The Cypress Lounge (hereinafter Cypress), petitioned the circuit court for a temporary restraining order to prevent defendant, the Local Liquor Control Commission of the Town of Cicero (hereinafter local commission), from revoking her liquor license and to compel it to grant her a hearing. Defendant moved to stay the order pending this appeal. The motion was granted. Defendant raises two issues on appeal. We will address only its contention that the trial court lacked subject matter jurisdiction to grant plaintiff's temporary restraining order.

We reverse.

On November 26, 1986, plaintiff was notified by a letter from defendant that she would not be issued a Class F liquor license, which

allows the sale of alcohol until 6 a.m., for the renewal year. The letter recommended plaintiff to apply for a Class A license, which allows the sale of alcohol until 2 a.m. Plaintiff did not seek review of this action with the Illinois Liquor Control Commission. Instead, on December 31, 1986, plaintiff filed a motion in the circuit court for a temporary restraining order. The motion sought to restrain defendant from revoking plaintiff's Class F license and to compel it to grant plaintiff a hearing. The court granted the motion and ordered the defendant to conduct a hearing by January 6, 1987, as to its denial of plaintiff's application for a Class F license. On January 5, 1987, defendant moved to stay the court order so that it may take appeal from such order. The motion was granted.

Defendant contends that the trial court lacked subject matter jurisdiction to grant plaintiff's motion for a temporary restraining order. Defendant maintains that plaintiff failed to exhaust her administrative remedies as outlined in the Liquor Control Act before seeking review in the circuit court.

■■ Regulation of liquor licensing in the State of Illinois is generally governed by the Liquor Control Act of 1934. (Ill. Rev. Stat. 1985, ch. 43, par. 94 *et seq.*) (hereinafter the Act). Section 7—9 of the Act provides, in pertinent part, as follows:

> "[A]ny order or action of a local liquor control commissioner *** revoking or suspending *** a license *** may within 20 days after notice of such order or action be appealed from *** to the State Commission." (Ill. Rev. Stat. 1985, ch. 43, par. 153.)

Additionally, section 7—11 states, in part, as follows:

> "All final administrative decisions of the State Commission hereunder shall be subject to judicial review pursuant to the provisions of the Administrative Review Law ***." (Ill. Rev. Stat. 1985, ch. 43, par. 154a.)

Moreover article VI, section 9, of the Illinois Constitution grants the circuit court the power to review administrative action; however, that power is limited by providing that review shall be as provided by law. (Ill. Const. 1970, art. VI, §9.) "Generally, when the legislation creating an administrative agency in Illinois expressly adopts the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) as the mode of review, Illinois courts have consistently held that the remedy under the Act is exclusive and that alternate methods of direct review or collateral attack are not permitted. [Citation.]" (*Board of Education v. Eckmann* (1982), 103 Ill. App. 3d 1127, 1129.) It is only when a party is attacking an administrative rule on its face that

he need not exhaust administrative remedies. *Eckmann*, 103 Ill. App. 3d 1130.

Since plaintiff is not attacking the validity of one of the local commission's rules, the present action is not within the jurisdiction of the circuit court. Plaintiff cites no authority nor do we find any authority that allows us to supersede that which the legislature has already provided for in the Act. The Act clearly indicates that plaintiff is required to exhaust all her administrative remedies before seeking review in the circuit court. By following the procedures set forth in the Act, plaintiff could have secured review of the local commission's action and obtained the same relief requested from the court, because the action of the local commission in revoking plaintiff's license is automatically stayed pending appeal to the State Commission. 11 Ill. Adm. Code 100.230 (1985).

Accordingly, we find the circuit court lacked jurisdiction to hear this case and, given this fact, it is unnecessary to consider any further contentions on appeal.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

McMORROW, P.J., and JIGANTI, J., concur.