PATRICIA MOELLER *et al.*, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

Third District   No. 3—87—0642

Opinion filed May 4, 1988.

David E. Patterson and Anita Williams, both of Department of Public Aid, of Springfield, and Lee A. Freeman, Jr., and Scott R. Williamson, both of Freeman, Freeman & Salzman, P.C., of Chicago (Albert F. Ettinger, of counsel), for appellants.

Bernard Shapiro, of Prairie State Legal Services, of Rockford, and David Wolowitz, of Prairie State Legal Services, of Batavia, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiffs and class members were sanctioned between July 1, 1982, and February 28, 1983, under the Illinois Aid to Families with Dependent Children program (AFDC) (Ill. Rev. Stat. 1985, ch. 23, par. 4—1 *et seq.*).

The Illinois Department of Public Aid (IDPA) administers the State of Illinois' AFDC program. Federal law required the defendants to operate a Work Incentive Program (WIN program) for AFDC recipients. (See 42 U.S.C. §630 *et seq.* (1982).) With the enactment of the Federal Omnibus Reconciliation Act of 1981 (OBRA), States were authorized to operate a work incentive demonstration program (WDP) as an alternative to the WIN program. (See 42 U.S.C. §645(a) (1982).) On July 1, 1982, the IDPA began to operate a WDP as a replacement to the WIN program.

The provisions of the WDP were filed with the Illinois Secretary of State on February 28, 1983. The final rules of the program were published in the Illinois Register on March 11, 1983. The effective date of the rules was stated to be February 28, 1983. The proposed rules had previously been published in the register on September 24, 1982. The filing and publication of the rules was made pursuant to the Administrative Procedure Act (APA) (Ill. Rev. Stat. 1985, ch. 127, par. 1001 *et seq.*).

Eight months preceding the effective date of the final WDP rules, the IDPA, on July 1, 1982, began sanctioning AFDC participants for noncompliance with the WDP rules. The sanctions involved either a reduction or termination of AFDC grants for three to six months. The plaintiffs were sanctioned sometime between July 1, 1982, and February 28, 1983. The parties to the suit dispute whether prior notices were sent to plaintiffs or class members regarding the WDP rules and public aid eligibility.

Plaintiffs in this action appealed the sanctions, but subsequent administrative decisions upheld their imposition. Certain class members and intervenors in this action never sought an administrative hearing regarding their sanctions.

The instant action was commenced in the circuit court on October 19, 1984, on behalf of all recipients sanctioned between July 1, 1982, and February 28, 1983. The complaint sought a declaration that the WDP rules were invalid under the APA. It further sought an order of *mandamus* to compel the IDPA to remit to all class members the

AFDC benefits that had been reduced or terminated.

The trial court granted the plaintiffs declaratory relief. The court found that the IDPA had violated the APA and thus determined that the sanction decisions were void and subject to collateral attack. Under the APA, prior published notice was required regarding the adoption of the WDP rules. Upon a motion for rehearing, the class was certified and declaratory relief was extended to the class. The trial court ordered the defendant to redetermine the plaintiffs' and class members' eligibility for AFDC benefits and remit the benefits which had been reduced or terminated. Attorney fees were granted to the plaintiffs' counsel.

The IDPA appealed the trial court's injunctive relief and award of attorney fees. The IDPA asserts that the plaintiffs could only obtain judicial review of the administrative decisions by complying with the Administrative Review Act (ARA) (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). The IDPA further asserts that the plaintiffs' claims are barred by the statutorily imposed 35-day time limit. The agency alternatively argues that the doctrine of *res judicata* precluded the circuit court's relief. The IDPA also challenges the award of attorney fees.

■ The 35-day limit within which a complaint in an action seeking review of a final administrative decision must be filed is a jurisdictional requirement. (Ill. Rev. Stat. 1985, ch. 110, pars. 3—102, 3—103; see also *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 420 N.E.2d 1043.) Failure to adhere to the time limitations is a complete bar to recovery. (*Owens Illinois, Inc. v. Bowling* (1981), 99 Ill. App. 3d 1117, 429 N.E.2d 172.) Specifically, the failure of a public assistance recipient to appeal a final administrative order of the IDPA within the jurisdictional 35 days bars judicial review. See *Howard v. Miller* (1982), 108 Ill. App. 3d 1, 438 N.E.2d 680.

The plaintiffs offer several theories under which the courts of this State have recognized exceptions to the requirements of the ARA. However, the record in the instant case reflects the fact that the plaintiffs directly attacked their administrative decisions in the trial court; and no persuasive authority lends credence to the proposition that such an attack may be made outside the ARA. Had the relief sought not involved an attack on the administrative decisions, this suit might have been viewed in a posture more susceptible to the position advanced by the plaintiffs.

The pertinent fact in the analysis of whether the trial court's expansive relief was correct is one of procedure. Even the IDPA submits that the WDP was improperly promulgated under the APA and the

administrative sanction decisions were thus subject to review. However, the method for judicial review is to be found in the ARA. Here, the statutory time limit was ignored and the plaintiffs lost their right to seek review. This court cannot be indifferent to litigants' disregard for procedural rules.

In *Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 485 N.E. 2d 321, *cert. denied* (1986), 475 U.S. 1140, 90 L. Ed. 2d 335, 106 S. Ct. 1789, *reh'g denied* (1986), 477 U.S. 909, 91 L. Ed. 2d 576, 106 S. Ct. 3287, an integration order of the State mining board was held defective because it failed to state requested equitable alternatives to participation by an unwilling interest owner. The court held that the board's failure to include the omitted provisions did not render the order void; it merely made the order voidable. The order was authorized by statute and thus not subject to collateral attack by means of a declaratory judgment action. The court stated:

> "[T]he general rule is that a party cannot collaterally attack an agency order in a proceeding such as this unless the order is void on its face as being unauthorized by statute. To accept plaintiffs' argument that the failure to include the omitted provisions rendered the order void would allow the exception to swallow up the rule. Plaintiffs' argument would allow a collateral attack on an order whenever the agency has failed to follow the exact letter of a statutory provision \*\*\*. To accept plaintiffs' argument would be to disregard the distinction between agency orders which are void and subject to collateral attack, and those which are merely voidable and subject to attack only through the applicable administrative and judicial review proceedings. [Citations.]" *Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 39.

■ The term "jurisdiction" designates the authority of the administrative body to act. In the instant case the IDPA was statutorily possessed of jurisdiction to enter the administrative decisions now at issue. (See Ill. Rev. Stat. 1985, ch. 23, pars. 4—1.8, 9—6.) Those orders, though decided in error, were the result of the IDPA's validly exercised statutory authority. Pursuant to *Newkirk*, the orders were not void, as the trial court found; rather, the orders were voidable. The plaintiffs' sole and exclusive remedy to question the legal defects of the final orders was under the procedures set out in the ARA. The instant suit, seeking a collateral attack of the orders, was not proper; a dismissal of the suit was warranted.

■ Furthermore, the plaintiffs' motion to recover attorney fees was granted in error. No statutory authority exists upon which to ex-

tend such a grant. The trial court's decision to grant fees in the amount of $29,810 cannot stand.

For all of the foregoing reasons the judgment of the circuit court of Rock Island County is reversed and this cause is remanded to enter judgment for the Illinois Department of Public Aid.

Reversed and remanded.

SCOTT and BARRY, JJ., concur.