ROMAN WEISSINGER, Plaintiff-Appellee, v. JIM EDGAR, Secretary of
State, Defendant-Appellant.

Second District   No. 2—88—0472

Opinion filed March 20, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellant.

Alan J. Marco, of Marco & Stefanos, of Downers Grove, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Roman Weissinger, was convicted of reckless homicide in 1983. On May 19, 1987, the defendant, the Secretary of State (Secretary), notified Weissinger that an order reflecting his 1983 conviction had been received and that his driver's license would be suspended effective May 26, 1987. In a formal hearing before the Secretary, plaintiff sought reinstatement of his driving privileges; this relief was denied on September 10, 1987. On November 6, 1987, plaintiff filed a complaint in the circuit court of Du Page County seeking to enjoin the Secretary from revoking his driver's license. On April 21, 1988, after a bench trial, the trial court entered an order granting plaintiff's request for injunctive relief.

The Secretary then timely appealed, raising three issues: (1) whether the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 et seq.) provides the method of review of the Secretary's determination under the circumstances of this case; (2) whether the trial court erred in placing the burden of proof upon defendant; and (3) alternatively, whether the plaintiff sustained his burden of proof if it was properly placed on defendant. We vacate the judgment of the circuit court and remand the cause with directions.

In 1978, plaintiff was arrested after he was involved in a traffic accident which resulted in a fatality. Pursuant to a guilty plea entered in 1983, plaintiff was convicted of the offense of reckless homicide.

In a letter dated May 19, 1987, the Secretary notified plaintiff that a report of his conviction had been received and that the Secretary was compelled to comply with the Illinois statute providing for the mandatory revocation of an individual's driver's license upon receipt of a notice of conviction for reckless homicide. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205.) The letter indicated that an order of revocation was being entered and that Weissinger was entitled to a formal hearing on the matter if he desired one.

On May 26, 1987, plaintiff's license was officially revoked. On July 21, 1987, a formal hearing was held before the Secretary. Subsequently, on September 10, 1987, plaintiff was denied reinstatement of his driving privileges. Consequently, on November 6, 1987, plaintiff filed a complaint in the circuit court of Du Page County seeking to temporarily and permanently enjoin the Secretary from revoking his driver's license. Plaintiff also asked the court to order the Secretary to restore his driving privileges. The essence of plaintiff's complaint was that the Secretary had not acted "forthwith" in revoking his driver's license because more than four years had elapsed from the date of conviction to the date of revocation.

The Secretary responded by filing a motion to dismiss along with a supporting memorandum on January 28, 1988. Initially, the Secretary argued that plaintiff's complaint should be dismissed because venue was improper. The Secretary contended that the Administrative Review Law (Act) (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) specifically designated Cook County or Sangamon County as the appropriate places of venue for the review of a decision of the Secretary involving the suspension, revocation or denial of a driver's license. Thus, plaintiff's selection of venue in Du Page County was improper.

The Secretary also argued that the proper procedure to judicially review the revocation of one's driver's license was set forth in the Act. The Secretary averred that plaintiff had acted improperly because he had sought relief in the form of a complaint for injunctive relief and, therefore, had not complied with the mandates of the Act. Noting that plaintiff was trying to supersede the legislative intent of the Act by filing a complaint for injunctive relief, the Secretary contended that plaintiff's complaint should be dismissed for failure to comply with the Act.

Finally, the Secretary argued that plaintiff's complaint should be

dismissed because the time for review of the administrative decision had expired. The Secretary pointed out that the Act specifies that every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of a summons within 35 days from the date a copy of the decision sought to be reviewed was served upon the party affected thereby pursuant to section 3—103 of the Act (Ill. Rev. Stat. 1987, ch. 110, par. 3—103). Because plaintiff had failed to file a complaint within the mandatory time period, having commenced his action some 61 days after the Secretary's final decision, the Secretary argued that his complaint should be dismissed as it was barred by the statute. Ill. Rev. Stat. 1987, ch. 110, par. 3—102.

On March 1, 1988, plaintiff filed his answer to the Secretary's motion to dismiss, stating that his complaint was not brought under the Act. Without citing authority, plaintiff argued that where an agency renders a decision that is not authorized by law, a complaint for an injunction of that act is proper. Plaintiff stated that in this matter the Secretary had not acted "forthwith" in revoking his driver's license in accordance with the revocation provisions of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(a)) and, therefore, had not acted within his statutory authority. Accordingly, plaintiff argued that his complaint was proper.

At trial, Shari Mansker, supervisor of the Driver Control Division of the Secretary of State's office, testified that her division was responsible for reviewing driving records and entering the driver control action as deemed appropriate by the law. Mansker stated that her division received various conviction reports and entered the information from these reports on the Secretary's computer data base; once the information has been placed in the computer, a determination as to the appropriate order of revocation or suspension is made and subsequently entered on the particular individual's driving record.

Mansker testified that her division date-stamps the documents which it receives from the courts during the normal course of business. Mansker was then asked whether plaintiff's conviction report for reckless homicide was date-stamped; she responded that it was stamped May 18, 1987.

Upon cross-examination, Mansker was questioned as to the date that plaintiff's conviction report for reckless homicide was sent to the Secretary. Mansker replied that the circuit court of Du Page County had failed to enter such a date on the conviction report; although a space was provided on the report for the express purpose of entering the date that it was being sent to the Secretary, the circuit court had

omitted entering the pertinent date. When Mansker was asked whether she had personally date-stamped plaintiff's conviction report, she said she had not. She was then asked whether it was possible that the document could have been misplaced in the Secretary's office and found by someone on May 18, 1987, and date-stamped and processed as she had testified. Mansker replied that such an occurrence was "[v]ery doubtful." Plaintiff's attorney then asked her whether the Secretary ever misplaced anything that came into the office; Mansker opined that it could happen.

At the conclusion of the proceeding, the court granted plaintiff the injunctive relief that he had sought. The court specifically found that the time which elapsed between the date of conviction and the date of revocation was not "forthwith" within a reasonable interpretation of the applicable statute authorizing revocation upon being notified of the conviction for reckless homicide.

The court further stated that the Secretary had acknowledged his burden to show that the Secretary had acted forthwith and that delay in the suspension was occasioned by the clerk of the circuit court of Du Page County in failing, for a period of almost four years and three months, to send the conviction report to the Secretary. Applying this reasoning, the trial court concluded that the State had not met its burden.

■■ We address first whether plaintiff should have proceeded under the Act (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*). We agree with defendant that the Act provides the exclusive remedy to plaintiff under the facts of this case. The final action of the Secretary in revoking or suspending a driver's license is reviewable only under the provisions of the Act. (*People v. McClain* (1987), 165 Ill. App. 3d 157, 163-64, *appeal allowed* (1988), 121 Ill. 2d 580; Ill. Rev. Stat. 1987, ch. 95½, par. 2—118(e).) Once the legislature expressly adopts the Act as the mode of review for a given agency, Illinois courts have consistently held that the remedy under the Act is exclusive and the alternate methods of direct review or collateral attack are not permitted. (*Cypress Lounge v. Town of Cicero* (1987), 165 Ill. App. 3d 867, 868.) A party must exhaust its administrative review remedies, including *certiorari*, before seeking equitable relief. (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 35, *cert. denied* (1986), 475 U.S. 1140, 90 L. Ed. 2d 335, 106 S. Ct. 1789.) An exception to the rule exists where the agency rule or order is being challenged on its face as not being authorized by statute; this is so because the judicial determination will affect the jurisdiction of the administrative body in all matters, not only the instant circumstances. (*Inland Steel Mortgage Acceptance*

*Corp. v. Carlson* (1987), 154 Ill. App. 3d 890, 896.) Similarly, if a statute is valid on its face, but is applied in a discriminatory or arbitrary manner, the challenging party must pursue administrative remedies before seeking judicial relief. *Inland Steel*, 154 Ill. App. 3d at 897.

The purposes of the exhaustion requirement are not served where an administrative assertion of authority to hear or determine a matter is attacked on its face on the ground that the assertion of jurisdiction is not authorized by statute. (*Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 550.) The rationale for the exhaustion doctrine is that: "(1) it allows full development of the facts before the agency; (2) it allows the agency an opportunity to utilize its expertise; and (3) the aggrieved party may succeed before the agency, rendering judicial review unnecessary." *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358.

In the present case, plaintiff initially participated in proceedings before the Secretary under the Act and, after receiving an adverse decision, abandoned the Act's method of review and sought equitable relief instead. This appears to be a transparent attempt to circumvent the procedures of the Act. The Secretary's order, on its face, was authorized by statute. Section 6—205(a) of the mandatory revocation statute provides that the Secretary "shall forthwith revoke the license or permit of any driver *upon receiving a report of such driver's conviction* of any of the following offenses: *** reckless homicide." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(a)(1).) The Secretary did what he was required to do under the statute.

The Secretary had personal jurisdiction, subject matter jurisdiction, and the authority to issue the order in question. An agency's jurisdiction or authority is not lost merely because its order may be erroneous. Where an order is merely voidable and not void, it is not subject to collateral attack. (*Newkirk*, 109 Ill. 2d at 37-39.) To accept plaintiff's argument that defendant wrongfully *applied* the statute would allow the exception to swallow up the rule that a party cannot collaterally attack an agency order unless the order is void on its face as being unauthorized by statute. If we were to accept plaintiff's argument, a plaintiff could merely point to any provision of a statute that was not followed to the exact letter and claim that the agency did not have the authority to act unless the provision was strictly complied with, thereby permitting a collateral attack in every such case. Our supreme court has rejected this approach. (*Newkirk*, 109 Ill. 2d at 29.) Here, the order of the Secretary was not void but merely voidable; plaintiff's sole and exclusive remedy to question the legal de-

fects in the final order was under the Act. (*Moeller v. Department of Public Aid* (1988), 170 Ill. App. 3d 634, 637.) Plaintiff failed to exhaust his remedies. Plaintiff could have sought immediate review under the Act, or he could have sought a restricted driving permit under section 6—205(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par 6—205(c)).

■ The 35-day limit within which a complaint in an action seeking review of a final administrative decision must be filed is a jurisdictional requirement (Ill. Rev. Stat. 1987, ch. 110, pars. 3—102, 3—103), and the failure to adhere to the time limitations is a complete bar to recovery. Here, plaintiff apparently ignored the statutory time limitations and thereby lost his right to seek review. We cannot be indifferent to plaintiff's disregard for procedural rules. (*Moeller*, 170 Ill. App. 3d at 636-37.) We conclude that the circuit court lacked jurisdiction to hear this case; therefore, it is unnecessary to consider the remaining issues on appeal. *Cypress Lounge*, 165 Ill. App. 3d at 869.

Accordingly, the judgment of the circuit court is vacated, and the cause is remanded with directions that the Secretary's final orders be reinstated for the time period designated by the applicable statute, subject to plaintiff's administrative remedies, if any.

Vacated and remanded with directions.

UNVERZAGT, P.J., and NASH, J., concur.