GERALDINE KELLER *et al.*, Plaintiffs-Appellees, v. RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.

First District (3rd Division)   No. 1—91—0168

Opinion filed March 31, 1993.—Rehearing denied May 11, 1993.

Fagel & Haber, of Chicago (Maynard B. Russell, Steven J. Teplinski, and James A. Roth, of counsel), for appellant.

Kevin M. Forde, Ltd., of Chicago (Kevin M. Forde, Marshall E. Lesueur, Katrina Veerhusen, and Ava Borrasso, of counsel), for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

This cause was originally brought as a class action for injunctive relief against defendant, alleging that the reduction in the amount of annuity benefits paid to the widows of Chicago firefighters pursuant to the Illinois Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 1—101 et seq.), and in reliance upon a municipal ordinance mandating the retirement of firemen at the age of 63, was in violation of the Age Discrimination in Employment Act of 1967 (ADEA) (29 U.S.C. §631 et seq. (1988)). The original class representative, Vivian Kozak, was dismissed under the Illinois statute of limitations, affirmed in *Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund* (1988), 170 Ill. App. 3d 1095, 524 N.E.2d 1049.

The complaint was subsequently amended, naming Geraldine Keller as class representative. The trial court then dismissed the class and ordered the joinder of other plaintiffs. Defendant appeals from the trial court's decision to invalidate a Chicago city ordinance, mandating the retirement of firefighters at the age of 63, based upon its direct conflict with ADEA, a Federal statute. The trial court held the

retirement ordinance void and concluded that any reliance upon the ordinance to reduce plaintiffs' spousal retirement benefits was similarly null and void. As a result, summary judgment was entered in favor of plaintiffs.

The five plaintiffs in this case are all widows, formerly married to City of Chicago firefighters. Upon their husbands' deaths, plaintiffs applied for and received a "widow's annuity" from the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (the Retirement Board). The annuity amounted to 75% of the husband's salary, payable until the year the husband would have reached the age prescribed for compulsory retirement had he lived, in accordance with section 6—140 of the Illinois Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 6—140) (section 6—140). After this time, the widow's annuity was reduced to 40% of the firefighter's former salary. In reliance on section 25—37 of the Municipal Code of Chicago (Chicago Municipal Code §25—37 (1984)) (section 25—37 or the Compulsory Retirement Ordinance) requiring Chicago firefighters to retire at the age of 63 years, plaintiffs' annuities were reduced as of the date their husbands would have reached the age of 63.

Defendant initially motioned to dismiss the complaint on the basis that it was barred by the 35-day statute of limitations under the Administrative Review Law. (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) Although the trial court found that the action of the Retirement Board in reducing pension payments was a final administrative decision, thus subject to the Administrative Review Law, the trial court denied defendant's motion to dismiss, finding that the limitations period did not commence, since plaintiffs did not receive notice of their rights to appeal the decisions of the Retirement Board.

Plaintiffs and the Retirement Board then filed cross-motions for summary judgment. The trial court initially granted summary judgment in favor of the Retirement Board, holding section 6—140 of the Illinois Pension Code to be a *"bona fide* benefit plan" under section 623(f)(2) of the ADEA and, thus, exempt from ADEA's age prohibitions (29 U.S.C. §623(f)(2) (1988) (section 623(f)(2)). The trial court further found that section 6—140 was not intended to discriminate against the plaintiffs in a non-fringe-benefit aspect of the firemen's employment relationship. Upon reconsideration, plaintiffs argued that the appropriate inquiry was not whether the Pension Code was exempt as a *bona fide* benefit plan under ADEA, but whether the City of Chicago's compulsory retirement age was unlawful. The court then granted summary judgment in favor of plaintiffs, finding the Chicago Compulsory Retirement Ordinance to be in direct violation of the Fed-

eral Age Discrimination in Employment Act. The trial court held the retirement ordinance void and concluded that any reliance upon the ordinance to reduce plaintiffs' pension benefits was similarly null and void.

The Retirement Board distributes monthly annuity payments to plaintiffs pursuant to section 6—140 of the Pension Code, which provides:

> "The annuity for the widow of a fireman whose death results from the performance of an act or acts of duty shall be an amount equal to 50% of the current annual salary attached to the classified position to which the fireman was certified at the time of his death and 75% thereof after December 31, 1972, and it shall be payable to the widow until the fireman, had he lived, would have attained the age prescribed for compulsory retirement.

> Thereafter the widow shall receive [an] annuity of an amount equal to 40% of the current annual salary attached to the classified position to which the fireman was certified at the time of his death." Ill. Rev. Stat. 1983, ch. 108½, par. 6—140.

Each of the plaintiffs in this case applied for and received a widow's annuity in accordance with section 6—140. Moreover, on the date that each of the plaintiffs' husbands would have attained the compulsory retirement age of 63, their 75% annuity terminated and a 40% annuity commenced as required by section 6—140 and the Chicago Compulsory Retirement Ordinance, requiring their husbands to retire at the age of 63 had they lived that long.[1] Each of the plaintiffs was notified by the Retirement Board of this reduction in pension benefits. Plaintiffs initially filed a petition with the Retirement Board, seeking an award of the 35% difference (75% less 40%) in annuity benefits and requesting that the reductions be declared void and illegal. After this petition was denied by the Board, plaintiffs filed a new complaint

---

[1]Geraldine Keller's widow's annuity was reduced on April 30, 1983, the date her husband, Edwin L. Keller, had he lived, would have attained the age of 63.

Vivian D. Nolan's widow's annuity was reduced on February 2, 1982, the date her husband, Thomas J. Nolan, had he lived, would have attained the age of 63.

Cora G. Shankman's widow's annuity was reduced on September 30, 1982, the date her husband, Leonard Shankman, had he lived, would have attained the age of 63.

Margaret Spellman's widow's annuity was reduced on February 21, 1982, the date her husband, John P. Spellman, had he lived, would have attained the age of 63.

Bettie Ann Wilkes' widow's annuity was reduced on February 19, 1982, the date her husband, George A. Wilkes, had he lived, would have attained the age of 63.

for administrative review, seeking review of the Retirement Board's decision on their petition. On this complaint both sides motioned for summary judgment. Plaintiffs contended that the Compulsory Retirement Ordinance, requiring Chicago firemen to retire at the age of 63, was unlawful under ADEA, which prohibits discrimination by employers, regarding the conditions and terms of employment of their employees, on the basis of age. At the time the Retirement Board acted, the maximum age of protection under ADEA was 70.[2]

Initially, the trial court granted the Retirement Board's motion for summary judgment, finding that the annuity benefits were a "*bona fide* benefit plan," exempt from ADEA under section 623(f)(2). Plaintiffs then filed a motion for reconsideration, arguing this exemption to be inapplicable, since plaintiffs are not "employees" of the Retirement Board, but rather surviving spouses of former employees. Moreover, plaintiffs argued that the trial court misconstrued the nature of the case by focusing on whether or not section 6—140 of the Pension Code was part of a *bona fide* benefit plan, exempt from the requirements of ADEA. Plaintiffs argued that the dispositive issue was whether the Compulsory Retirement Ordinance was unlawful and, therefore, void at the time the Retirement Board relied upon the ordinance to reduce plaintiffs' annuity benefits.

The trial court then reversed its position, granting plaintiffs' motion for summary judgment and finding: (1) the retirement ordinance did not meet the requirements of a *bona fide* plan and, thus, was not exempt from ADEA; and (2) the Compulsory Retirement Ordinance was null and void as a result of its Federal preemption by ADEA; hence, any reliance upon the ordinance to reduce plaintiffs' annuity benefits was also null and void.

On appeal, defendant raises the following issues: (1) whether the Compulsory Retirement Ordinance, section 25—37 of the Municipal Code of Chicago, is preempted by the Age Discrimination in Employment Act; (2) whether section 6—140 of the Illinois Pension Code is a *bona fide* retirement and pension plan exempt under ADEA; and (3)

---

[2]As originally enacted, ADEA prohibited compulsory retirement before the age of 65. (29 U.S.C. §§623, 631 (1988) (eff. June 12, 1968).) In 1974, coverage of ADEA was extended to State and local governments. (29 U.S.C. §630(b) (Supp. 1974) (current version at 29 U.S.C. §630 (Supp. 1990)).) Effective January 1, 1979, ADEA was amended to raise the age of protection to 70. (29 U.S.C. §631(a) (Supp. 1979) (current version at 29 U.S.C. §631 (Supp. 1990)).) The Retirement Board reduced plaintiffs' annuity benefits during the period of February 2, 1982, to April 30, 1983.

whether plaintiffs' claims are barred by the statute of limitations of the Administrative Review Law.

■ We initially consider whether plaintiffs' claims are barred by the statute of limitations of the Administrative Review Law. Under the Administrative Review Law, a person has 35 days to appeal an administrative decision after receiving notice of the decision. (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.) In this case, Geraldine Keller received notice of the Retirement Board's decision to reduce her annuity benefits in August of 1979. On April 29, 1983, her 75% annuity benefits were terminated. As of June 30, 1983, Keller was notified that she would be receiving reduced benefits at 40% of her spouse's prior salary, since her spouse, if still living, would have reached the age of 63 and would have been required to retire in compliance with the Compulsory Retirement Ordinance. Since Keller did not file suit until 1986, defendant argues that this case is barred by the 35-day statute of limitations and should be dismissed.

Although more than three years elapsed between the time Keller received notice of the Retirement Board's decision and the time of suit, this does not necessarily present a time bar to the instant action. (See *Johnson v. State Employee Retirement System* (1987), 155 Ill. App. 3d 616, 508 N.E.2d 351.) The court in *Johnson* held that notice of an administrative decision does not activate the 35-day statute of limitations where such notice fails to inform the recipient of his or her right to appeal the decision and the time for doing so. Defendant urges this court to disregard the *Johnson* case and follow earlier case law, which did not require notice of appeal rights. We decline to do so.

The initial letter received by Keller in 1979 advised her that her 75% widow's compensation annuity would cease after April 29, 1983, and further, that she could apply for a reduced 40% annuity to be paid to her after April 1983. After Keller's application for the 40% annuity benefits was approved by the Retirement Board on June 22, 1983, Keller received the letter on June 30, 1983, informing her that her application was granted "at the regular meeting of this Board held on Wednesday, June 22, 1983." Similar letters were sent to the other plaintiffs in this case. Neither of the letters mentioned the Retirement Board's administrative decision to terminate plaintiffs' 75% widow's annuity.

We find that the letters mailed to plaintiffs by the Retirement Board did not satisfy the minimal due process requirements of fair and adequate notice. First, plaintiffs were never actually notified of the Retirement Board's decision to terminate their 75% annuity bene-

fits, which calls into question the applicability of the Administrative Review Law in the first instance. The review act "contemplates some sort of adversarial proceeding, involving the parties affected, out of which will come a decision by an agency and a record upon which the decision was based." (*Sturm v. Block* (1979), 72 Ill. App. 3d 306, 311, 390 N.E.2d 912.) Secondly, even if the Administrative Review Law does apply, plaintiffs received no notice of their right to appeal the Retirement Board's decision within 35 days. Under these circumstances, we find that the 35-day statute of limitations under the Administrative Review Law does not bar plaintiffs' claims.

■ We next consider whether section 6—140 of the Pension Code, which incorporates section 25—37 of the Municipal Code of Chicago, is prohibited by ADEA. Section 6—140 of the Illinois Pension Code provides for an annuity to widows of firemen "payable until the fireman, had he lived, would have attained the age of compulsory retirement. *** Thereafter the widow shall receive annuity of an amount equal to 40% ***." (Ill. Rev. Stat. 1983, ch. 108½, par. 6—140.) The compulsory retirement age of firemen is governed by section 25—37 of the Chicago Municipal Code which, prior to November 14, 1983, required firefighters to retire at the age of 63. Section 25—37 was later amended, raising the retirement age to 70 in accordance with ADEA. In 1986 ADEA was amended, adding an exemption for police and firemen discharged "pursuant to a bona fide retirement *** plan." (29 U.S.C. §623(i)(1) (1988).) In response to this amendment, section 25—37 was again changed in 1986, reinstating compulsory retirement at age 63.

Defendant argues that the firemen's pension plan, or section 6—140 of the Illinois Pension Code, is exempt under section 623(f)(2) of ADEA, so long as the plan was not used to intentionally discriminate on the basis of age in *non-fringe-benefit* aspects of employment such as hiring, firing, wages and salaries. Defendant posits that the widows' annuity plan is a *fringe benefit*, exempt under ADEA as a "bona fide employee benefit plan," barring plaintiffs' case as a matter of law.

Under section 4(a)(1) of ADEA, it is unlawful for an employer

"to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1) (1988).

Notwithstanding this general prohibition of ADEA, it is not unlawful for an employer

"to observe the terms of *** any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, *except that* no such employee benefit plan shall excuse the failure to hire any individual, and *no such *** plan shall require or permit the involuntary retirement of any individual *** because of the age of such individual."* (Emphasis added.) 29 U.S.C. §623(f)(2) (1988).

For a plan to qualify as a *"bona fide* benefit plan" under section 623(f)(2), four conditions must be satisfied: (1) it must be the sort of plan described in the section; (2) it must be *"bona fide"*; (3) the exempted action must be in observance of the plan; and (4) the plan must not be a subterfuge to evade the purposes of ADEA. (*EEOC v. County of Orange* (9th Cir. 1988), 837 F.2d 420.) The court below initially held section 6—140 of the Pension Code to be exempt as a *bona fide* benefit plan under ADEA. Specifically, the trial court stated that section 6—140 was not enacted as a subterfuge to evade the provisions of ADEA and, moreover, that section 6—140 provides a *fringe* benefit to employees. ADEA only prohibits discrimination with regard to *nonfringe* benefits, such as hiring, firing and wages. See *Public Employees Retirement System v. Betts* (1989), 492 U.S. 158, 106 L. Ed. 2d 134, 109 S. Ct. 2054, on remand, *Betts v. Hamilton County Board of Mental Retardation & Developmental Disabilities* (6th Cir. 1990), 897 F.2d 1380.

Defendant cites *Betts,* as dispositive of whether section 6—140 is exempt from the prohibitions of ADEA. In *Betts,* a retirement system provided disability retirement benefits only to employees under the age of 60. The court held a benefit plan, which varied benefits by age, to be illegal only if intended to discriminate against older employees regarding nonfringe benefits, such as hiring, firing, compensation or some other term or condition of employment. While the *Betts* court concluded that the plan at issue was a "bona fide plan" within the exemption, it did not consider whether the plan fell within the *exception* to the exemption. A *bona fide* plan is exempt, *except* if it requires involuntary retirement because of age. On remand, the sixth circuit ultimately held that the *Betts* plan did not qualify for an exemption, since the employee was forced into early retirement and forced to accept a less desirable retirement plan because of her age.

Similarly, in the instant case, while the trial court found section 6—140 of the Pension Code to be a *bona fide* benefit plan, exempt under ADEA, on reconsideration the court held the exemption to be inapplicable, since the Pension Code incorporated section 25—37 of the

Municipal Code, which mandated the retirement of firefighters at the age of 63. The trial court also held the compulsory retirement law void as a matter of law since it required retirement at 63, when ADEA had extended protection to the age of 70:

"Although the ordinance is not a subterfuge for the purposes of the ADEA [it was enacted prior to ADEA], the ordinance falls outside of the exception because it clearly requires the involuntary retirement of individuals based on age. The court, therefore holds that the Compulsory Retirement Ordinance, contained in section 25—37 of the Chicago City Code, is void as applied to reduce plaintiffs-widows' annuity benefits.
\* \* \*
If the Compulsory Retirement Ordinance does not satisfy the requirements of ADEA, then it follows that any reliance on the Ordinance for the purpose of reducing plaintiffs' benefits would be improper; in the case of the firefighter who lives to the date of mandatory retirement."

Under the supremacy clause of the United States Constitution, Federal law preempts local ordinances such as the Chicago city municipal code. (U.S.C.A. Const., art. VI, cl. 2.) Federal courts, addressing ADEA claims involving firefighters and police officers, have invoked the supremacy clause to invalidate State and local mandatory retirement laws which are in conflict with ADEA. See, *e.g., Orzel v. City of Wauwatosa Fire Department* (7th Cir. 1983), 697 F.2d 743, *cert. denied* (1983), 464 U.S. 992, 78 L. Ed. 2d 680, 104 S. Ct. 484; *EEOC v. County of Allegheny* (3d Cir. 1983), 705 F.2d 679; *Aaron v. Davis* (E.D. Ark. 1976), 414 F. Supp. 453.

We find the Chicago Compulsory Retirement Ordinance, requiring retirement at age 63, was void and unenforceable during the time in which plaintiffs' widow's benefits were reduced. During this time, ADEA prohibited compulsory retirement prior to the age of 70. Although ADEA was later amended to create an exception for firefighters, this is not relevant to the actions of the Retirement Board prior to the amendment in 1986. Moreover, because we find that the retirement ordinance was unlawful, any reliance upon this ordinance by the Retirement Board was also unlawful at the time plaintiffs' benefits were reduced. We reject defendant's argument that section 6—140 of the Illinois Pension Code is *per se* exempt from the provisions of ADEA. While section 6—140 appears *cartes sur table* to be a *bona fide* benefit plan, it incorporates a compulsory retirement ordinance which, *at the time it was applied to reduce plaintiffs' benefits*, was in violation of ADEA. There is nothing *"bona fide"* about a plan which

conveniently circumvents the anti-age discrimination provisions of our Federal law.

For all of the foregoing reasons, the decision of the circuit court of Cook County is hereby affirmed.

Affirmed.

RIZZI and CERDA, JJ., concur.