JOSEPH GIOVENCO, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF RIVER GROVE, Defendant-Appellee.

First District (2nd Division)    No. 1—99—0698

Opinion filed March 14, 2000.

Stanley H. Jakala, of Berwyn, for appellant.

Smith, Rickert & Smith, of River Grove (Bart A. Smith, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

In *Carver v. Nall*, 186 Ill. 2d 554, 561-62, 714 N.E.2d 486 (1999), our supreme court held that a final order of a unit of local government need not include notice to its recipients of the right to administrative review. We now must determine whether *Carver* applies retroactively. We hold that it does.

In April 1998 Joseph Giovenco applied to the Village of River Grove Board of Fire and Police Commissioners for a position as a police officer. The board notified him, by letter dated April 27, 1998, that it rejected his application. The letter did not mention the right to administrative review.

Giovenco filed his complaint for administrative review of July 21, 1998, 85 days after he received notice of the board's decision. He alleged in the complaint that the board's failure to notify him of his right to administrative review rendered his complaint timely. The board admitted both the failure to notify and the legal effect of that failure under applicable case law. See, *e.g.*, *Keller v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 245 Ill. App. 3d 48, 53-54, 614 N.E.2d 323 (1993). The board moved to dismiss on grounds that Giovenco failed to plead facts showing that he met the applicable age requirements. The trial court granted the board's motion. Giovenco filed a timely notice of appeal.

Before Giovenco presented his initial brief on appeal, our supreme court decided *Carver*. In that case the Adams County sheriff's merit commission suspended the plaintiff for 10 days. The letter that gave the plaintiff notice of the decision made no reference to the right to administrative review. The plaintiff filed a timely complaint for administrative review, but she did not have summons timely issued. She claimed the inadequacy of the notice tolled the time period for filing and issuing summons.

Our supreme court noted that the Illinois Administrative Procedure Act (5 ILCS 100/10—50(b) (West 1996)) requires all agency orders to specify whether they are subject to the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1996)). However, the Administrative Procedure Act does not apply to units of local government, including

the Adams County commission. *Carver*, 186 Ill. 2d at 561-62. Because the plaintiff showed no inadequacy in the notice, she showed no grounds for tolling the time period for filing the complaint and having summons issued. Our supreme court affirmed the trial court's decision dismissing the case for failure to file summons within the statutory time period.

The parties agree that *Carver* effectively overrules *Keller*. Giovenco also concedes that, because he failed to file his complaint within 35 days of notification of the decision, if *Carver* applies then the trial court lacked jurisdiction to consider his complaint. See *Carver*, 186 Ill. 2d at 559; *Weissinger v. Edgar*, 180 Ill. App. 3d 806, 812, 536 N.E.2d 237 (1989). He asks this court to apply *Carver* prospectively only and not to apply it to this lawsuit.

Our supreme court discussed prospective application of judicial decisions in *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 679 N.E.2d 1224 (1997). In that case the defendant administered an examination for police department promotions. Applicable case law at the time held that the Administrative Review Law did not apply to promotions. See *Barrows v. City of North Chicago*, 32 Ill. App. 3d 960, 336 N.E.2d 596 (1975). Relying on the case law, four aggrieved officers filed an action for declaratory and injunctive relief almost one year after the decision. The trial court dismissed the complaint.

■ Pending the appeal, the appellate court overruled *Barrows* and held that the Administrative Review Law applied to most of the defendant's employment decisions, including decisions regarding promotions. See *Mueller v. Board of Fire & Police Commissioners*, 267 Ill. App. 3d 726, 643 N.E.2d 255 (1994). If *Mueller* applied retroactively, the trial court should have dismissed the complaint as an improper evasion of the jurisdictional requirements of the Administrative Review Law. The appellate court decided not to apply *Mueller* retroactively. Our supreme court said:

> "Generally, when a court issues an opinion, the decision is presumed to apply both retroactively and prospectively. [Citations.] That presumption can be overcome in two types of circumstances. First, the issuing court itself may expressly state that its decision will be applied prospectively only. [Citation.] Second, a later court may, under certain circumstances, override the presumption by declining to give the previous opinion retroactive effect, at least with respect to the parties appearing before the later court." *Aleckson*, 176 Ill. 2d at 86.

■ A decision must apply retroactively unless it "established a new principle of law, either by overruling clear past precedent on which litigants have relied or by deciding an issue of first impression

whose resolution was not clearly foreshadowed." *Aleckson*, 176 Ill. 2d at 92. Once the threshold requirement is met:

"[T]he question of prospective or retroactive application turns on considerations of (i) whether, given the purpose and prior history of the new rule, its operation will be retarded or promoted by prospective application, and (ii) whether prospective application is mandated by the balance of equities." *Aleckson*, 176 Ill. 2d at 88.

Our supreme court found that the plaintiffs relied on clear precedent, a prospective application of the rule protected its operation, and the equities favored permitting the case to proceed. Therefore, the appellate court properly decided not to apply *Mueller* retroactively.

■ In the context of the case before this court, we find that the first factor in *Aleckson* has two distinct aspects: whether the case to be applied either prospectively or retroactively overruled clear past precedent, and whether the parties actually relied on that precedent. The threshold requirement is met: *Carver* overruled clear past precedent. But we see no indication Giovenco relied on that precedent when he delayed filing his complaint until 85 days after he received notice of the board's decision.

Giovenco discovered his right to judicial review either within 35 days of the decision or he discovered it later. If he discovered it later, he did not know of his right to review before the jurisdictional time limit expired. Then he would have filed too late because he did not know of his right, rather than failing to file because he relied on precedent. If he knew of his right to judicial review within the 35-day period, his delay in filing until 85 days passed shows that he had adequate actual notice of his rights at least 50 days before he filed his complaint for administrative review. None of the precedent upon which Giovenco purportedly relied permitted a filing delay in excess of 35 days from the time the plaintiff actually knew of his right to judicial review of the administrative decision. See, *e.g., Johnson v. State Employees Retirement System*, 155 Ill. App. 3d 616, 618, 508 N.E.2d 351 (1987). Accordingly, Giovenco cannot show that he relied on past precedent when he delayed filing until 85 days after he received the notice of the board's decision.

With the ruling in *Carver*, our supreme court enforced the Administrative Review Law in accord with legislative intent, limiting the application of the Administrative Procedure Act to agencies within its announced purview. *Carver*, 186 Ill. 2d at 561-62. The court also clarified that parties to administrative proceedings have no constitutional right to judicial review of agency decisions. *Carver*, 186 Ill. 2d at 562-63. Retroactive application of *Carver* promotes its purpose of making practice conform to the legislature's intent.

We agree with Giovenco that denying him judicial review imposes a hardship. But under *Carver,* anyone who fails to discover his right to review within 35 days of the decision will, like Giovenco, lose that right. Retroactive application of *Carver* is no more unfair to Giovenco than will be prospective application of *Carver* to subsequent plaintiffs aggrieved by administrative decisions that give no notice of the right to review. Retroactive application of *Carver* advances the interest in finality of decisions and clear application of jurisdictional rules in accord with legislative intent. We cannot say that the inequity here outweighs the other factors we must consider. Because Giovenco did not rely on past precedent when he delayed his filing, and because the courts should bring their practice into conformity with statutory mandates, we apply *Carver* retroactively to this case.

The board gave Giovenco adequate notice of its decision on April 27, 1998. The trial court lacked jurisdiction to consider Giovenco's action under the Administrative Review Law, as he filed that action more than 35 days after he received notice of the decision. Therefore, the trial court's judgment is vacated. The decision of the board remains the effective disposition of the case.

Vacated.

GORDON and McBRIDE, JJ., concur.